**ROSS et al. v. BEALL et al.**

No. 6388.

Court of Civil Appeals of Texas.
Texarkana.

Sept. 23, 1948.

Rehearing Denied Oct. 21, 1948.

Taylor & Taylor, of Marshall, for appellants.

Norman, Stone, Rounsaville & Hassell, of Jacksonville, Shook & Shook, of Dallas, and 'Sid B. Turner, and Claude E. Upchurch, both of Carthage, for appellees.

HARVEY, Justice.

Two cases in trespass to try title to 142 acres of land a part of the W. A. LaGrone and A. G. Barksdale headright surveys were filed in Panola County, Texas, in one of which suits, Cause No. A–3838, Beall was plaintiff and Mary Baker Ross and husband were defendants and in the other, Cause No. A–3853, Mary Baker Ross and husband were plaintiffs and Beall, et al., were defendants. These suits were consolidated and tried before the court without a jury; from a judgment decreeing

that Mary Baker Ross and husband take nothing by reason of their suit and that Beall recover the title and possession of the land in question, Mary Baker Ross and husband have perfected this appeal.

It appears that Tee Baker and Mary Riley were married in Pañola County, in May, 1926; in 1936, Mary Baker left her husband and went to Louisiana, where in 1939, she filed suit for divorce and a decree dissolving the bonds of matrimony was entered in her favor. The divorce petition in her suit, Cause No. 76,800, was filed on January 18, 1939, and on the same day a curator-ad-hoc was appointed by the chief deputy court clerk of Caddo Parish, Louisiana, to represent the non-resident defendant. On the day of his appointment the curator-ad-hoc accepted service of the petition filed in the suit, and waived citation. On February 11, 1939, which was less than thirty days after the filing of the petition, the divorce decree was granted. After the decree was entered Mary Baker married Ernest Ross. In the divorce petition Mary Baker alleged that she and Tee Baker were married in Texas, then moved to Caddo Parish, Louisiana, where they established their domicile, and that her husband then abandoned her and returned to Texas where he was living at the time her suit was filed in Louisiana. On the trial of the present case over title to her claimed one-half interest in the land, Mary testified that she abandoned her husband in Texas, moved to Louisiana, and that Tee Baker had never lived there with her. After Tee and Mary married they bought the 142 acre tract of land from Herman Jacobs for $900.00, the entire consideration being evidenced by a vendor's lien note, which was later acquired by the Federal Land Bank of Houston. On December 31, 1942, Tee Baker deeded the land to W. F. Beall for a valuable consideration and Beall assumed the payment of the outstanding note, none of which had been paid except $60.29. The trial court in his findings of fact, found that Tee Baker acted in good faith in protecting whatever equity he had in the 142 acres when he sold to W. F. Beall; that the outstanding lien at that time on the land was equal to its full cash market value; that Mary never paid or contributed anything

on the purchase money; that at the time Beall bought the land he had no notice of any kind that Mary was not then the wife of Tee Baker, or that there had been any kind of divorce proceedings filed by Mary in Louisiana. In 1947, Mary Baker Ross and husband filed a suit for a one-half interest in the 142 acre tract, based, of course, on the contention that her divorced husband was without authority to divest her of her title to a one-half interest in the land. The trial court in his conclusions of law held, among other things, that the purported divorce decree entered in Louisiana was void, and that at the time Tee Baker made and delivered the deed to Beall she and Tee Baker were husband and wife; that Tee Baker had the authority to sell the community land under the circumstances, and even if the divorce decree was valid, he still had the right to dispose of the land to satisfy the lien against it.

It is a well established principle of law that in court proceedings in Texas the laws of another state are presumed to be the same as those of Texas in the absence of a showing to the contrary. In the instant case, a transcript of the divorce proceedings in Louisiana was introduced in evidence, and under the facts and procedure reflected therein no valid divorce decree could have been entered under the laws of Texas. In the absence of any showing as to the provisions of the Louisiana Statutes relating to divorces, it is presumed that the law in that state is the same as in Texas, and therefore the decree of divorce entered in Mary's suit must be presumed void. 15 Tex.Jur. p. 578, Sec. 104; Green v. Rugely, 23 Tex. 539; Gill v. Everman, 94 Tex. 209, 59 S.W. 531, 532. In the latter case Judge Gaines stated:

"We conclude that the general rule, which is well established in this court, applies in this case, and that, in the absence of evidence as to the laws of Kentucky, we must presume that the laws of that state, in relation to the appointment and qualification of guardians, are the same as the laws of Texas."

It is not discernible from the record whether or not the divorce decree entered in Mary's suit in Louisiana was authorized

and a valid judgment even under the laws of that state.

 We do not think that the rule of law with respect to full faith and credit being given in one state to a judgment entered in another state is applicable herein. The "full faith and credit" clause of the Constitution of the U. S., Art. 4, Sec. 1, does not require that binding effect and validity be given a judgment in a sister state in cases where such judgments are shown to be invalid by reason of certain circumstances, which we will not take the space to discuss. 34 C.J. 1168, Sec. 1656, 50 C.J.S.Judgments § 906; Liverpool & London & Globe Ins. Co. v. Lummus Cotton Gin Sales Co., Tex.Com.App., 6 S.W.2d 728. We are of the opinion that the trial judge was correct in finding that under the facts as developed on the trial of the case the divorce decree entered in Louisiana was invalid, and that on December 31, 1942, when Tee Baker conveyed the land he and Mary were husband and wife, and that he had the power to make such conveyance without joinder by his wife.

 We are also of the opinion, irrespective of the question of divorce, that Beall was an innocent purchaser of the 142 acre tract of land. No record of the purported divorce decree was filed in the county clerk's office of Panola County. Myers v. Crenshaw, Tex.Civ.App., 116 S.W.2d 1125. Beall and his attorney testified that they did not have any knowledge of the divorce decree or divorce proceedings by Mary against Tee Baker. In the deed from Baker to Beall, Baker was referred to as "a single man." The attorney who represented Beall explained how this phrase came to be used in the deed, which was because of the fact that the attorney knew Baker was living by himself and he was told by Baker that his wife had left him. We do not think the question of an estoppel is presented by reason of the reference to Baker in the deed as being "a single man." In his fact findings the trial judge found that neither Beall nor his attorney had any notice, actual or constructive, of the divorce proceedings on the part of Mary Baker. Such findings of fact, with ample support in the testimony,

are conclusive. Under such circumstances, Beall was an innocent purchaser and acquired good title to the entire 142 acre tract under the deed from Tee Baker. Ellett v. Mitcham, Tex.Civ.App., 145 S.W. 2d 917; Edwards v. Brown, 68 Tex. 329, 4 S.W. 380; on rehearing, 5 S.W. 87.

Appellees question the sufficiency of the points of error presented herein by appellants to present the questions of law relied upon by them. In view of our disposition of the other questions discussed, we refrain from passing upon these additional matters.

The judgment of the trial court is affirmed.