**Harry K. WEBB, Appellant,**

v.

**Danielle WEBB, Appellee.**

**No. 14915.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 18, 1970.

Rehearing Denied Dec. 16, 1970.

James R. Warncke, San Antonio, for appellant.

Victor A. Speert, San Antonio, for appellee.

KLINGEMAN, Justice.

Harry K. Webb, Jr., appeals from an instructed verdict decreeing that a Mexican divorce granted between appellant and appellee is void and invalid; that a marriage thereafter entered into by appellant is also void and invalid; and that appellant and appellee are husband and wife. In its judgment, the court found that as a matter of law, the requirements of the Mexican divorce had not been complied with, and that the evidence raised no issue of fact to be submitted to the jury. By three points of error appellant asserts: (1) The trial court erred in taking the case from the jury and directing judgment in favor of plaintiff for the reason that there was sufficient evidence to raise a fact issue for the jury. (2) The trial court erred in holding that as a matter of law the plaintiff was entitled to judgment. (3) The trial court erred in holding that there was no evidence upon

which to submit this case to a jury. No brief was filed by appellee.

Since this is an instructed verdict case, we are guided by certain established rules in our review of the same. It is error to instruct a verdict where the evidence raises a material issue; and in passing upon the question of the authority of the trial court to instruct the verdict, the evidence must be considered most favorably on behalf of the party against whom the verdict is instructed. A preemptory instruction is warranted only when the evidence is such that no other verdict should be rendered. If there is any conflictig evidence in the record of probative nature, a determination of the issue is for the jury. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422 (Tex.1952); White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943); 56 Tex.Jur.2d, Trial, Sec. 207.

While it is appellant's contention that the Mexican divorce was valid, the main thrust of appellant's contention on this appeal is that appellee consented to and participated in the obtaining of the Mexican divorce, and is estopped from challenging the validity thereof.[1] Appellant relies on Dunn v. Tiernan, 284 S.W.2d 754 (Tex.Civ.App.— El Paso 1955, writ ref'd n. r. e.), where it was held that one who has instituted and participated in an action for a Mexican divorce, will not be allowed to challenge the validity of the divorce.

The testimony is conflicting with regard to what part appellee played in connection with the Mexican divorce. Appellant testified that it was agreed upon between him and his wife that they would get a Mexican divorce, and that his wife signed a waiver in connection therewith. This testimony was corroborated in part by a disinterested witness, who testified that in 1968, appellant asked him to go with him to a notary public to witness the signing of a divorce paper; that he, appellant and appellee went to a notary public's office, where appellant stated that the papers were the Mexican divorce papers; that he saw appellee sign such papers, and that they were notarized. Appellee categorically denied that she participated in or consented to the Mexican divorce.

The Mexican divorce decree which was introduced into evidence recites that it is a voluntary divorce filed by appellant and appellee. If this statement is true, appellee was one of the movants in the case who urged the Mexican court to grant the divorce.

No effort was made in the trial court to prove the provisions of the laws of Mexico relative to divorce actions, and in the absence thereof, we must presume that the foreign law is the same as that of this state.[2] Gill v. Everman, 94 Tex. 209, 59 S.W. 531 (1900); Green v. Rugely, 23 Tex. 539 (1859); Schacht v. Schacht, 435 S.W. 2d 197 (Tex.Civ.App.—Dallas 1968, no writ); Ross v. Beall, 215 S.W.2d 225, 226 (Tex.Civ.App.—Texarkana 1948, writ ref'd n. r. e.).

Since the Mexican divorce decree contains express findings that the court had jurisdiction of the case, this amounts to a finding that all jurisdictional facts, including residence, existed. By jointly petitioning the Mexican court for a divorce, the parties thereto necessarily represented to the court that all conditions precedent to the exercise of the court's jurisdiction, including residential requirements, were

1. A good discussion of the doctrine of estoppel to question the validity of a divorce decree rendered in a foreign nation is found in an annotation, Divorce—Decree of Foreign Country, 13 A.L.R.3d, 1419, at page 1452, et seq.

2. At the time that the Mexican proceedings were instituted, the applicable Texas law was contained in what was then Article 4631, Vernon's Ann.Tex.Rev.Civ.Stat. which provided that no suit for divorce could be maintained in a Texas court unless, at the time suit was filed, petitioner had been an actual bona fide inhabitant of Texas for more than twelve months and had resided in the county where the suit was filed for six months. These requirements have been carried over into the Family Code without substantive change. Tex.Fam.Code, Sec. 3.21, V.T. C.A.

satisfied. If such jurisdictional facts did not exist, a fraud was perpetrated upon the Mexican court.

If appellee was in fact jointly responsible with appellant in instituting the divorce proceedings in Mexico, and was one of the parties invoking the jurisdiction of the Mexican court by acting as one of the petitioners in the Mexican proceedings, then she comes within the rule applied in Dunn v. Tiernan, supra, to the effect that one who has instituted and participated in an action for a Mexican divorce will not be allowed to challenge the validity of the divorce. As pointed out in Dunn, to permit appellee to challenge the validity of the Mexican divorce decree would be to allow her to take advantage of a fraud in which she participated by being one of the parties who instituted the Mexican proceedings.

We hold that there was sufficient evidence to raise a fact issue for the jury as to whether appellee participated in or consented to the Mexican divorce, and that the court erred in taking the case from the jury and in entering an instructed verdict in favor of appellee.

The judgment of the trial court is reversed and remanded to the trial court for a new trial.