In manner conflicting with other decisions, where opinion on rehearing showed plea was held insufficient and not determined on merits.

Application for mandamus by G. G. Nesbitt and another to be directed to T. H. Conner and others. Writ denied.

Goree, Odell & Allen, of Fort Worth, for plaintiffs.

Sam J. Hunter, of Fort Worth, for defendants.

GERMAN, P. J. Relators, G. G. Nesbitt and A. L. Camp, filed petition for mandamus in the Supreme Court January 11, 1922, to require the honorable Court of Civil Appeals for the Second Supreme Judicial District to certify certain questions of law to the Supreme Court in the case of Smith v. Nesbitt et al. A full statement of all questions involved will be found in the reported case. 235 S. W. 1104–1108. There were two main questions disposed of on appeal: One of limitations and the other of res adjudicata. At the time petition for mandamus was filed, counsel for relators were under the impression that no opinion had been written on their motion for rehearing in the Court of Civil Appeals, and it is so alleged in the petition. On the assumption that the Court of Civil Appeals had considered their plea of res adjudicata on its merits and had decided the questions relating thereto contrary to their contentions, without written opinion, they set out in their petition allegations of a conflict between the decision of the court in this case on the questions of res adjudicata and the decisions of other Courts of Civil Appeals in numerous cases. However, the Court of Civil Appeals did prepare and file written opinion on relators' motion for rehearing (235 S. W. 1107, 1108), in which it is held that the plea was insufficient, and same was not considered on its merits. The petition for mandamus does not allege that this opinion is in conflict with any other decision. This being true, there are no grounds alleged or shown in the petition which would authorize a mandamus. However erroneous the judgment of the Court of Civil Appeals on the question of the sufficiency of the plea might have been, unless there was a conflict with some other decision in this particular, it would furnish no reason for requiring the question to be certified.

We recommend that the petition for mandamus be denied.

CURETON, C. J. The opinion of the Commission of Appeals is adopted, and mandamus refused.

---

**MILNER v. GATLIN et al.**    (No. 539–3371.)

(Commission of Appeals of Texas, Section A. May 21, 1924.)

**1. Pleading ⚖⇒228—On exception, allegations of petition admitted to be true.**

On exception, allegations of petition are admitted to be true.

**2. Parent and child ⚖⇒2(4)—Judgment as to custody, rendered on petition showing want of jurisdiction, void.**

Where divorced wife's petition, seeking custody of minor child in possession of former husband, showed that latter and child were nonresidents, domestic status of the child being that of its father, judgment rendered on such petition awarding custody to mother was void.

**3. Parent and child ⚖⇒2(4)—Court has no jurisdiction to pass on question of custody of child domiciled in another state.**

Court has no jurisdiction, on petition of mother, to pass on question of right to custody of child in possession of father domiciled in another state.

**4. Judgment ⚖⇒497(1)—Record showing court without jurisdiction, no presumption to contrary indulged.**

Where record shows affirmatively that court had no jurisdiction to render judgment awarding custody of child to mother, no presumption to contrary will be indulged, in subsequent proceedings by father to recover custody.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by C. W. Milner against Mary F. Gatlin and another. Judgment adverse to plaintiff was affirmed by the Court of Civil Appeals (211 S. W. 617), and plaintiff brings error. Reversed and remanded.

Wm. H. Atwell, of Dallas, for plaintiff in error.

Moore & Hardison, of Paris, for defendants in error.

BISHOP, J. C. W. Milner, plaintiff in error, instituted this suit in district court of Lamar county for the custody and possession of his minor girl child, Lucile, who was a child of a marriage between himself and Mary F. Gatlin, defendant in error. He alleged that in a suit in a district court of Dallas county between him and Mary F. Gatlin on May 18, 1911, divorce was granted and the custody of the child awarded to him; that thereafter, on the 17th day of July, 1911, he permanently left the state of Texas and made his residence and permanent abode in Pike county, Ga.; that she kidnapped and removed the said child from the state of Georgia to Lamar county, Tex., where she was illegally restraining the child in her possession and custody. Defendants in error, Mary F. Gatlin and her husband, John Gatlin, in their answer alleged that the said judgment of date May 18, 1911, awarding the custody of said child to plaintiff in error was thereafter, on the 20th day of August, 1912, by decree of said court in said cause, amended, modified, and reformed, and that part of same in which the custody of said child was awarded to said plaintiff in error was revoked, annulled, and held for naught, and the exclusive custody of said child awarded to defendant in error, Mary F. Gatlin.

To this plea plaintiff in error, by supplemental petition, responded as follows:

"(3) Plaintiff answering the second paragraph of defendants' original answer, shows that it is true that there was a so-called amendatory judgment entered in cause No. 9255, Milner v. Milner, in August, 1912, but that said judgment was null and void and of no effect, for the reason that at said time and for a long time prior thereto the plaintiff, C. W. Milner, and his child, Lucile Arza Milner, were actual, bona fide and legal residents and inhabitants of the state of Georgia and had so been since immediately after the entering of the judgment of divorce between the said Milner and his wife, Mary, in 1911, out of which suit judgment was rendered, giving him the custody of said minor, and in no manner denying him the right to move and make his habitation wherever he saw fit, and that immediately after the entering of said judgment he moved to Georgia and made his domicile therein, and that no legal service was ever had upon him of the motion of the defendant, Mary F. Milner, to reform or modify the said 1911 judgment, and, in fact, the Sixty-Eighth judicial district court of Dallas county was without jurisdiction to change or modify such judgment, since it was in personam, and at another and different term, and when the plaintiff was not a resident of Texas nor of said judicial district. Said motion to reform so showing, and praying for service of notice upon him in the following words: 'The said C. W. Milner upon whom service is desired resides in Wilner, Pike county, Ga., to which place it is desired that notice issue, and said notice was handed plaintiff by the sheriff of Pike county, Ga., in said Pike county, Ga., and not otherwise nor elsewhere was service not upon the plaintiff. Wherefore the plaintiff shows that the 1911 judgment granting him the custody, control, and possession of said minor child is in full force and effect, and that the judgment of 1912, seeking to amend the same, is null and void, and of no effect."

Defendants in error then filed and presented their supplemental answer as follows:

"Now comes the defendants and leave of the court first being had, file this, their reply to the first original petition filed herein by the plaintiff and for special exception to the third paragraph of the said first supplemental petition, defendants say that the facts alleged therein are but an attempt to collaterally impeach a judgment rendered by a domestic court of general jurisdiction over the subject-matter by pleading matters dehors the record, and therefore they pray that the court sustain this exception and strike said third paragraph from the record."

The trial court sustained the exception and motion to strike from the record, contained in said supplemental answer, to which plaintiff in error excepted, and, it being agreed that if said ruling was correct plaintiff in error would have no cause of action, the court rendered judgment denying the relief prayed for by him. On appeal the Court of Civil Appeals for the Sixth Supreme Judicial District sustained the ruling of the trial court in an opinion from which Justice Hodges of that court dissented. 211 S. W. 617.

In the case of Bender v. Damon et al., 72 Tex. 92, 9 S. W. 747, Bender sued Damon and others in the district court of Ellis county for a tract of land situated in that county. He alleged the facts necessary in an action of trespass to try title, and further alleged that the defendants were claiming under a sheriff's sale and deed under an execution issued from the district court of Navarro county on a judgment rendered by that court against him and in favor of S. J. T. Johnson, which said judgment and sale thereunder he claimed were invalid. While his petition alleged some facts which might entitle him to have the judgment, execution, and sale vacated in a proper proceeding in the district court of Navarro county for that purpose, but which were not sufficient to render the judgment void, it also alleged that at the time the suit was filed and judgment rendered against him under which the land was sold, he was a nonresident of this state and was not cited and did not appear. He prayed for judgment for title and possession of the land and removal of cloud from his title by reason of the judgment, execution, and sale thereunder, and also sought to vacate the judgment by the district court of Navarro county. The trial court sustained the defendants' plea or exception to the jurisdiction of the Ellis county district court and general demurrer to his petition, and dismissed the case. In an opinion by Chief Justice Stayton, the Supreme Court reversed and remanded the cause, holding that, while the plaintiff Bender was not entitled to have the judgment of the district court of Navarro county vacated by an action in the district court of Ellis county, that court should have adjudicated the title to the land situated in that county. The court says:

"Some of the facts which he alleged to show the invalidity of that judgment, execution, and sale were such as might entitle him, by a proper proceeding, to have had them vacated, but not such as to render them void. The petition, however, went further, and alleged facts which, if true, would render the judgment void. It alleged that the plaintiff was a nonresident of this state; that he never was cited to appear, and did not appear, in person or by attorney, in the proceeding in which the judgment in favor of Johnson and against himself was rendered; and that appellees claim through an execution and sale made under a judgment so rendered. If these accounts be true, the judgment was void, and no one could acquire rights under it. The demurrer admits the averments to be true. How the facts may appear, if appellant is put to the proof of his averments, is now unimportant; for the action of the court in dismissing the petition prevented any inquiry as to this."

In the case of Stewart v. Anderson, 70 Tex. 588, 8 S. W. 295, Chief Justice Stayton,

quoting from Galpin v. Page, 18 Wall. 364, 21 L. Ed. 959, says:

"If 'it appears from the inspection of the record of a court of general jurisdiction that the defendant against whom a personal decree or judgment is rendered was at the time of the service without the territorial limits of the court, and thus beyond the reach of its process, and that he never appeared in the action, the presumption of jurisdiction over his person ceases, and the burden of establishing the jurisdiction is cast upon the party who invokes the benefit or protection of the judgment or decree.'"

In Treadway v. Eastburn, 57 Tex. 209, it was contended that the record affirmatively showed want of jurisdiction, in that the sheriff's return showing service by publication recited that citation—

"came to hand July 30, 1866; and executed by publishing in the Paris Press, a newspaper published in the county of Lamar, state of Texas, for successive four weeks previous to return day; this the 25th day of July, 1866."

The judgment by default, however, recited:

"This day came the plaintiff by his attorney and the said defendant, Edward Eastburn, failed to appear and answer but wholly made default, although duly served with process."

The court expressly considering this cause as "an ordinary one in which it is sought in a collateral proceeding to impeach on the ground of the want of jurisdiction over the person of the defendant, the judgment of a domestic court of record of general jurisdiction," held the record did not affirmatively show want of jurisdiction over the person of defendant, as "the judgment, which is the final act of the court, entered upon the full examination and consideration of all the necessary facts * * * recited the due service of process * * * which would give the court jurisdiction of the person."

The court, however, in its opinion says:

"If the uncontradicted recitals in the record show affirmatively that the court did not have jurisdiction over the subject-matter, or that the jurisdiction over the person did not attach, then a presumption to the contrary will not be indulged. Otherwise the presumption in favor of the jurisdiction of the court would prevail in every case, and the mere rendition of the judgment would of itself 'import absolute verity.' To thus hold in cases where the record shows affirmatively want of jurisdiction, would itself impeach the record, and thus violate the very rule sought to be invoked—that the record cannot in a collateral proceeding be contradicted. To determine, however, whether the record shows affirmatively that there has been proper service, the whole of it should be taken together. When thus considered, if that portion which relates to this question shows affirmatively such character of service as is not authorized by law, or such defective service that a judgment by default rendered thereon would be void, and not voidable only, and the remainder of the record is silent upon this subject, not showing any finding of the court from which it may be inferred that there was other service or an appearance, then this would be a case in which it affirmatively appears that the jurisdiction of the court had not attached. Clark v. Thompson, 47 Ill. 25; Freeman on Judgments, § 125."

[1-4] On exception the allegations contained in the supplemental petition of plaintiffs in error are admitted to be true. At the time application by defendant in error was filed in the district court of Dallas county seeking the custody of the minor, and at the time judgment was rendered thereon awarding custody to her, the domicile of the plaintiff in error and the minor was in the state of Georgia. The domestic status of the infant was that of its father, and the courts of this state had no jurisdiction to pass on the question of its custody. Lanning v. Gregory, 100 Tex. 310, 99 S. W. 542, 10 L. R. A. (N. S.) 610, 123 Am. St. Rep. 809, and authorities there cited. See, also, Milner v. Gatlin, 139 Ga. 109, 76 S. E. 860, and authorities there cited. The petition, upon which the judgment of the Dallas county district court was rendered, on its face showed that the plaintiff in error and the infant child were nonresidents, and that the place of their domicile was in the state of Georgia and not in the state of Texas. We have here a judgment rendered on a petition showing that the court had no jurisdiction over the subject-matter and therefore no authority to render same. These facts are nowhere contradicted by any pleading filed in the case or by any recital contained in the judgment. The record showing affirmatively that the court had no jurisdiction, no presumption to the contrary will be indulged, and the judgment is absolutely void and not binding on plaintiff in error. Treadway v. Eastburn, supra; Templeton v. Ferguson, 89 Tex. 55, 33 S. W. 329; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325.

Being of opinion that Justice Hodges, in his dissenting opinion, has reached the correct conclusion, we recommend that the judgments of the Court of Civil Appeals and district court be reversed, and the cause remanded.

CURETON, C. J. The judgment recommended in the report of the Commissioner of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the question discussed in its opinion.