**MILLER v. SCHNEIDER et al.**
No. 14494.

Court of Civil Appeals of Texas.
Fort Worth, Texas.

March 12, 1943.

Rehearing Denied April 9, 1943.

Thompson, Knight, Harris, Wright & Weisberg, and William H. Neary, all of Dallas, for appellant.

L. M. Rice, of Dallas, for appellees.

McDONALD, Chief Justice.

This is a child custody case.

Appellant and appellee were married in 1932, and were divorced in 1940 in Chicago, where they then resided. Under the terms of the divorce decree, and in harmony with an agreement of the parties then made, the custody of their only child, a girl then about one year of age, was awarded to the appellee, subject to a provision that the appellant should have custody of the child for one month of each year after the child reached the age of four.

In May, 1941, appellee married · Dr. Schneider, and shortly thereafter moved with the child to Dallas, Texas, where they continued to reside up to the time of the trial of the present suit.

In June, 1941, Dr. Miller, the appellant, instituted certain proceedings in the Circuit Court of Cook County, Illinois, during the course of which a decree was rendered, on December 9, 1941, awarding the custody of the child to Dr. Miller. Mrs. Schneider did not comply with the decree, whereupon Dr. Miller instituted the present suit in the District Court of Dallas County, Texas, in June, 1942. In form the suit is a habeas corpus proceeding, in which Dr. Miller seeks to have the child delivered to him, and also seeks to have the custody of the child awarded to him. Mrs. Schneider answered in the present suit, attacking the validity of the Illinois decree of December 9, 1941, and praying that custody of the child be awarded to her, basing her claim in part upon a change of conditions since the date of the Illinois decree.

The trial court awarded custody of the child to Mrs. Schneider, subject to the right of the father to visit the child at reasonable times within the jurisdiction of the court. Dr. Miller appeals.

Under well-settled rules, full faith and credit must be given to the Illinois decree if it is valid, and it is res adjudicata as to matters happening prior thereto. But a change of custody may be sought upon a change of conditions since the date of the Illinois decree. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Conley v. St. Jacques, Tex.Civ.App., 110 S.W.2d 1238, writ of error dismissed; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016.

Although we incline to the view that the Illinois decree of December 9, 1941, is valid, it is unnecessary to determine the question here, because the judgment of the trial court is sustainable, under our view, upon the ground of changed conditions. On December 28, 1941, after the date of the Illinois decree, Dr. Miller remarried. He testified upon the trial of the present case that the birth of a child was expected in December, 1942. There was a possibility of Dr. Miller being called into military service. Dr. Miller had not contributed anything to the support of the child for several months prior to the time of the hearing in the present suit. Although he offered an explanation of his failure in this respect, the trial court may have considered such fact along with the other circumstances in determining whether to award custody of the child to Dr. Miller at this time. At the time of the hearing the child was three years of age. Be it said to the credit of the parties to the suit that each spoke well of the other, and each spoke well of the other's new spouse. Each appeared to be of opinion that the home of the other would be a suitable place for the child to live, although the mother thought that the child ought to remain all of the time with her until the child was a year or two older. Both of the parties are well educated, both are of good character, and both have incomes sufficient to provide for the child. Each would like to have the child all of the time, and any other attitude

would be disappointing. It is unfortunate that the conditions which now exist make this impossible.

█ A broad discretion is vested in the district courts in awarding custody of children in such way as will best serve the interests of the children, and it has been said that "a very clear case of abuse of discretion must appear before an appellate court will interfere with the exercise of that discretion". Turk v. McLure, Tex.Civ. App., 63 S.W.2d 1049, 1050, writ of error dismissed. Another court has said that the judgment of the trial court will not be disturbed on appeal, "unless it is so contrary to the great preponderance of the evidence as to show an abuse of discretion". Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894, writ of error dismissed. There are many more decisions to the same effect. 15 Tex. Jur. 666, 673.

█ Bearing in mind the circumstances above detailed, and bearing in mind that a court of proper jurisdiction would have authority at a later date to make a new and different award if changed conditions should justify, then taking into account the more advanced age of the child, we are not able to say that the record before us shows an abuse of discretion on the part of the trial court in awarding custody of the child to the mother at this time.

Appellee suggests, by a remark in her brief, that the Texas court should jealously guard its jurisdiction, and take no chances by permitting the child to be taken to Illinois for even a part of the time. This leads us to say that the proper attitude for both the Texas and the Illinois courts to take is to assume with confidence that the courts of the other jurisdiction will act with wisdom and sincerity in all matters pertaining to the welfare of this child. Some idea of the confusion which can result from the jurisdictional problems presented in situations where the courts of different states undertake to assume or actually have assumed jurisdiction may be gained by reading the four opinions—a majority opinion, a concurring opinion, and two dissenting opinions—in Williams v. North Carolina, 63 S.Ct. 207, 87 L.Ed. ——. It is evident from the testimony of the parents of the child that both are willing to go far in providing for her happiness and welfare. Intelligent and unselfish cooperation upon their part can do more to accomplish this than can the judgment of any

court. We agree with appellant that it will be to the best interests of the child to spend some time with her father, so far as conditions will permit, but we are not willing to hold that the trial court was in error in rendering judgment as he did at this time.

The judgment of the trial court is affirmed.