## BURKHARDT v. BACHRACH et al.

### No. 12036.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 11, 1950.

No attorneys representing appellant.

Geo. H. Spencer, San Antonio, Theo. F. Weiss, San Antonio, Davis, Clemens, Knight & Weiss, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This habeas corpus proceeding was instituted by Florence R. Bachrach and her husband, Peter R. Bachrach, against William R. Burkhardt, wherein Mrs. Bachrach sought the custody of her minor daughter, Lorein Burkhardt. The trial was before the court without the intervention of a jury and resulted in judgment in favor of Mrs. Florence R. Bachrach, awarding to her the custody of said minor daughter, from which judgment William L. Burkhardt has prosecuted this appeal.

Appellant has not favored us with a brief, appellees alone having done so. Prior to December 13, 1945, Florence R. Bachrach and William L. Burkhardt were husband and wife, and on that date a decree of

divorce was entered in the Circuit Court of Lake County, Illinois, the decree awarding the custody of the minor daughter, Lorein, to the husband. Thereafter, on April 21, 1947, the Illinois Court modified the above decree so as to allow visitations of the child by the mother, and on July 14, 1948, a decree was entered in the Illinois Court awarding the custody of the minor daughter, Lorein, to her mother. This suit is for the purpose of enforcing the last mentioned decree of the Illinois Court in this State.

■ Appellant contended in the trial court that he did not appear on July 14, 1948, in the Illinois Court, but had prior thereto removed the minor child from Illinois to Texas, and that therefore, the judgment was not binding upon him. The trial judge, upon sufficient evidence, found that appellant had legal notice of the hearing in the Illinois Court on July 14, 1948, and that the same was in all respects binding upon him. We find no error in this holding and approve the action of the trial court in this respect.

The judgment of the Illinois Court, being a valid judgment and one in which the court had jurisdiction of the subject matter of the suit and of the defendant, was entitled to full faith and credit in this suit and was properly given effect by the trial court. It was also res judicata of all matters happening between the parties prior to its date. Miller v. Schneider, Tex. Civ.App., 170 S.W.2d 301; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Oldham v. Oldham, Tex.Civ. App., 135 S.W.2d 564; Fraley v. Martin, Tex.Civ.App., 168 S.W.2d 536; Lacy v. Hitzeman, Tex.Civ.App., 190 S.W.2d 764; Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77; Duncan v. Duncan, Tex.Civ.App., 197 S.W.2d 229.

■ The trial court, upon sufficient evidence, found that there were no changed conditions since the rendition of the Illinois judgment and properly decreed that the provisions of the Illinois judgment should be carried into effect.

Finding no error in the judgment of the trial court, the same is in all things affirmed.