Mary Helen **DOWDEN** et al., Appellants,

v.

Jack Charles **FISCHER**, Appellee.

No. 3764.

Court of Civil Appeals of Texas.

Waco.

July 29, 1960.

Rehearing Denied Sept. 15, 1960.

Riley, Jones, Boyd & Lovelace, Waco, for appellants.

Bedford Edwards, Waco, for appellee.

WILSON, Justice.

This is an appeal from a judgment declaring invalid a Nevada District Court order as to custody of children in a divorce action, in which the Texas court vested custody in the father.

In 1958 the Nevada court rendered a final decree of divorce by which custody of children was awarded to appellee, subject to right of visitation. No question is presented as to validity of this judgment. In 1959 appellant filed in the same cause in the Nevada court, a motion for order modifying the 1958 decree as to custody and control, on the ground of change of conditions. At this time appellee and the children resided in Texas. Notice of the motion was given by serving the Nevada attorneys of record for appellee in the original divorce proceedings, and by delivering a copy of the motion and notice to appellee by mail. The Nevada attorneys filed an affidavit in the Nevada proceedings to the effect that they had reported the service of the motion to appellee's present Texas attorney of record, who told them "you are not the legal representative of Dr. Fischer and you have not been such a legal representative since the term of the entry of the divorce decree, and such service on you is improper"; that their authority to appear on behalf of appellee "was limited to the contemplated divorce action", and such authority terminated with conclusion of that action.

Thereafter, the Nevada court, after hearing, entered an order reciting that "due notice of said hearing having been given as required by law" and appellee having failed to appear, the original decree was modified so as to award custody and control to the mother, subject to appellee's right of visitation.

Appellee promptly instituted the present action, asserting he and the children were domiciled in Texas, and that the 1959 decree was void for want of proper service of notice. The mother, as cross-plaintiff, pleaded the provisions of the 1959 order; and alternatively, changed conditions, under which she applied for a writ of habeas corpus and a decree awarding custody to her.

The trial court declared that the 1959 order of the Nevada court "was invalid and of no force and effect and should not be recognized by this Court"; found there had been no change of condition since the rendition of the original 1958 decree; and that it would be to the best interests of the children for them to remain in appellee's custody.

In short, appellant relies on the 1959 Nevada order, under which she claims custody. Appellee, contending the latter order is invalid for lack of proper service of notice, relies on the initial divorce decree awarding him custody. Although appellant alternatively alleged change of conditions in the event the 1959 order was declared invalid, appellee does not rely on change of condition in the event it is given effect. Consequently, the correctness of the court's determination that the 1959 order was void controls the case.

The Nevada order of 1959 is such judgment on its face as is presumptively valid and entitled to full faith and credit under U. S. Constitution, art. 4, Sec. 1. James v. James, 81 Tex. 373, 16 S.W. 1087, 1088; Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368; Rumpf v. Rumpf, 150 Tex. 475, 242 S.W:2d 416, 419; Stout v. Stout, Tex.Civ.App., 214 S.W.2d 891, writ ref.; Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82; 17A Am. Jur., Sec. 993, p. 174. Although it is

not a bar to subsequent proceedings to modify it in Texas, Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 168, 116 A.L.R. 1293; Wilson v. Elliott, supra, this is not (except alternatively) a modification proceeding. The presumption of validity may be overcome by a proper showing of lack of service or appearance. Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146; Sutton v. Leib, 342 U.S. 402, 72 S.Ct. 398, 96 L.Ed. 448; Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Williams v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273; Redus v. Burnett, 59 Tex. 576.

 There is no pleading or evidence in the record to show what the Nevada law is as to the manner of notice required on a motion for order modifying a child custody decree. As meeting his burden, in support of the present judgment, appellee says we should apply the presumption that Nevada law is identical with Texas law, against the judgment presumed to be valid. This we cannot do. The presumed validity of a sister state judgment cannot be overthrown by a presumption. "The burden of undermining the verity which the Nevada decrees import rests heavily upon the assailant." Williams v. State of North Carolina, supra [325 U.S. 226, 65 S.Ct. 1097]. If effect were to be given to the rule contended for, every sister state judgment would be vulnerable to a mere showing that the notice or service differed from that required by Texas law.

The San Antonio Court decided this contention in Liddell v. Blevins, 244 S.W.2d 335, 337, writ refused. There appellant, in an attack on a sister state decree, contended that since California law as to notice was not proved, service should be held insufficient to confer jurisdiction under Texas law, because California law should be presumed to be that of Texas. Rejecting the argument, Justice Pope repeated the rules as to the burden of proof and said, "every reasonable presumption will be in-

dulged to sustain a judgment and nothing will be presumed against it."

 Appellee urges that because he and the children were domiciled in Texas at the time of the modification decree, no jurisdiction could be obtained except by personal service. Assuming, without deciding, for purposes of this question that there was no such service, the law is against the position. In Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed. 2d 1456; Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561, and May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221, it was held unnecessary to accord full faith and credit to modification orders where the court's jurisdiction in the original divorce action rested on other than personal service or appearance. But where, as here, the children were in Nevada; the parties appeared in the divorce action; since the Nevada court had continuing jurisdiction; and since jurisdiction to render the original decree is not questioned, the rule is otherwise. Burkhardt v. Bachrach, Tex.Civ.App., 225 S.W.2d 1022, no rehearing; Camp v. Newsom, Tex.Civ.App., 329 S.W.2d 347, writ ref. n. r. e.; Miller v. Schneider, Tex.Civ.App., 170 S.W.2d 301, no writ hist.; 70 A.L.R. 526; 160 A.L.R. 403, 407; 62 A.L.R.2d 548; 17A Am.Jur. Sec. 847, p. 37; 27B C.J.S. Divorce § 317(1), p. 533. Cases cited to the text in 27B C.J.S. Divorce § 392, p. 901 are, with two exceptions, in the former category, as is Ross v. Beall, Tex.Civ.App., 215 S.W.2d 225, writ ref. n.r.e., relied on by appellee.

Appellee husband voluntarily submitted to, and invoked the jurisdiction of the Nevada court in the original divorce proceedings. Even now he espouses its judgment. Nevada Statutes, Ch. 125, Sec. 125.140, subd. 2 gave that court continuing jurisdiction to modify its orders as to custody at any time after final hearing.

 The recitals in the judgment as to change of conditions were not invoked

by appellee's pleading. He contended only that the Nevada decree was void and there had been no change of condition since the original judgment of divorce. This issue was adjudicated by the Nevada decree of 1959. It was res adjudicata of the question as to change of condition as of that time. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790. It could be modified by proper pleadings alleging a change of condition since its rendition under familiar rules. 15–B Tex.Jur. Secs. 253, 257–259. Nothing in this opinion is to be construed as holding the jurisdiction of the Nevada court is exclusive. Since the judgment undertook to deal with the issue of changed conditions under the view the second Nevada decree was void, and since the interest of the minor children is paramount, Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1, the judgment is reversed and the cause remanded so that the parties may file amended pleadings, if they so desire, and for further proceedings not inconsistent herewith.