**Clyde Albert BULL, Appellant,**

**v.**

**Donna WILSON et vir, Appellees.**

**No. 14003.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 21, 1962.

Pfeiffer & Gittinger, San Antonio, for appellant.

David P. Carter, Sidney Callender, San Antonio, for appellees.

POPE, Justice.

Clyde Albert Bull brought suit by habeas corpus to recover the custody of his son, Michael Wayne, now four years old. He relied upon an Illinois decree which awarded custody to him. The trial court denied the relief and the only point before this Court is whether the Texas court should give full faith and credit to the decree of a sister state. We conclude that it should.

Clyde Albert Bull and his wife, now Mrs. Donna Wilson, were divorced by a valid Illinois decree in July, 1959. The decree gave the mother custody of the child. She exercised the custody until December, 1959, when she delivered the child to her former husband and his mother. She married her present husband in December of 1959, and they have resided in Texas since that time. In July of 1961 she returned to Illinois and asked for the privilege of visiting with her child for several days. When she obtained the child, she returned to Texas. In August of 1961, Clyde Albert Bull, the father, filed a petition for modification of the original decree with respect to custody and alleged changed conditions. At that time the mother, her husband and the child were, and since then have been, in Texas.

The Illinois Court, on December 13, 1961, entered a modified decree which expressly found "That the Court has full and complete jurisdiction of the parties hereto and the subject matter hereof, and that the equities of said cause are with the defendant (Clyde Bull), and that the material allegations of the said petition are true as therein alleged and set forth," and also, "That due to the change in circumstances as herein set forth, petitioner requests that the decree heretofore entered be modified by awarding the care, custody, control and education of said minor child, Michael Wayne, to Clyde Albert Bull, petitioner." The decree then awarded the custody to petitioner and ordered the mother to return the child to the petitioner in Springfield, Illinois. The father came to Texas and by habeas corpus sought to enforce the Illinois decree. He produced certified copies of the entire Illinois proceedings. They show that the mother and her new husband were served in Texas by non-resident notice and were furnished the petition for modification. The Illinois decree recites that the court entered an order requiring her to answer but that she made default. The moth-

er's contention is that the non-resident notice failed to give jurisdiction, though the decree recited that the court had full jurisdiction over the parties and subject matter.

■ The Texas trial court held that Illinois had no jurisdiction over Texas domiciliaries. In our opinion, Illinois had jurisdiction, and Texas should give full faith and credit to the decree. This subject was fully discussed in Dowden v. Fischer, Tex.Civ.App., 338 S.W.2d 534. The Illinois law was proved in the habeas corpus proceeding, and it shows that the Illinois court has continuing jurisdiction over child custody.[1] The prevailing view, and that of Texas, is that a proceeding for modification of a custody award is permissible as a continuation of the original proceeding in which the award was rendered, with respect to a party over whom the court had personal jurisdiction in the original proceeding. This is so upon reasonable notice other than by personal service within the court's jurisdiction, and even though the person notified is a non-resident at that time. Dowden v. Fischer, supra; Camp v.

Newsom, Tex.Civ.App., 329 S.W.2d 347; Burkhardt v. Bachrach, Tex.Civ.App., 225 S.W.2d 1022; 17–A Am.Jur., Divorce and Separation, § 847; 70 A.L.R. 526. Accord, Liddell v. Blevins, Tex.Civ.App., 244 S.W. 2d 335; 62 A.L.R.2d 544.

Donna Wilson, joined by her husband, in the trial below first attacked the Illinois decree as a nullity. When the trial court upheld that contention, it denied relief under the habeas corpus. However, Donna Wilson further pleaded that there are changed conditions subsequent to the entry of that Illinois decree. That matter was not reached. In view of our decision that the Illinois decree was valid and should be given effect, the cause must now be remanded for consideration of those matters which the trial court did not reach. This was the disposition of the appeal in Dowden v. Fischer, supra.

Accordingly, the decree denying the father's prayer for habeas corpus is reversed. The cause is remanded for consideration of the mother's prayer for relief by reason of changed conditions.

1. "When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just. * * * The court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper." Chapter 40, Paragraph 19, Illinois Ann.Statutes.