**Paul Daniel SEABERG, Appellant,**

v.

**Anna M. BROGUNIER, Appellee.**

**No. 5359.**

Court of Civil Appeals of Texas, Waco.

Oct. 17, 1974.

Rehearing Denied Nov. 14, 1974.

————◆————

Haley, Fulbright, Winniford & Bice, Waco, for appellant.

Clark, Fisher, Gorin McDonald & Ragland, George Clark and Tom L. Ragland, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant (defendant) Paul D. Seaberg from judgment non

---

obstante veredicto, awarding the custody of Daniel Raymond Seaberg to appellee (plaintiff) Anna Brogunier "in accordance with the decree of the Circuit Court of Montgomery County, Maryland, sitting as a Court of Equity, dated July 20, 1971 * * *".

Appellee (mother) a resident of Maryland on December 10, 1973, filed this habeas corpus suit in McLennan County, Texas to recover possession of her 3½ year old son Daniel Raymond Seaberg to which she alleged she was entitled under a Montgomery County, Maryland Circuit Court judgment. Appellee alleged appellant (father) deliberately and wilfully violated and disobeyed the Maryland judgment by moving the child to Texas without authority.

Appellant filed general denial and cross action alleging substantial and material change of circumstances since entry of the Maryland judgment and asked to be appointed managing conservator of the minor under Section 14.08 of the Texas Family Code, V.T.C.A.

Trial was to a jury which found that since the former judgment dated July 20, 1971, "there has occurred such a material change of condition that the best interest and welfare of said minor child requires a change of custody to Paul Daniel Seaberg".

The trial court first entered judgment on the verdict changing custody of the minor to appellant; but thereafter granted judgment non obstante veredicto, setting aside the first judgment, and decreeing custody and control of the minor be awarded and vested in appellee in accordance with the July 20, 1971 Circuit Court of Maryland decree, and further reserved to appellant reasonable rights of visitation in accordance with such Maryland Court decree.

Appellant appeals on one point "The trial court erred in refusing to abide by the verdict of the jury and in rendering judgment non obstante veredicto in favor of appellee".

Daniel Raymond Seaberg, the minor, was born to appellee May 21, 1970. Appellant is the natural father but was not married to the mother. On July 20, 1971 the Circuit Court of Montgomery County, Maryland, sitting as a Court of Equity, entered a decree naming appellant the adoptive father of the minor, but placed custody in appellee, subject to reasonable rights of visitation by appellant.

At time of the Maryland Court decree appellee was living with her mother and stepfather in Oxon Hill, Maryland, a suburb of Washington, D. C., and at time of trial was still living with her mother and stepfather. Appellee's mother and stepfather are good people and own their home. The home is adequate for the family, and they have lived there for 19 years.

In March 1973, the parties agreed[1] that appellant should have custody of the minor child, but that appellee should have the child on alternate weekends; two weeks each summer; and at other times. The parties further agreed that if either of them left the Washington area to reside at a place more than 100 miles from the residence of the other, new and reasonable visitations of the child would be agreed to. Appellee testified she entered the agreement because she still loved appellant and hoped they could marry and make a home together for the minor. Appellant took custody of the minor and carried him to his father's home in Levitown, Pennsylvania in violation of the agreement, and did not permit appellee to see her son after June 16, 1973. In July appellant told appellee she could not have the baby anymore because he couldn't trust

---

1. Such agreement of the parties does not establish a change of conditions; it is not a contract; cannot be enforced; and change of custody must be determined by the court based on what is in the best interest of the child. Oldham v. Oldham, CCA Er.Ref., Tex. Civ.App., 135 S.W.2d 564.

her to give him back; and thereafter in July, 1973 appellant took the minor to Waco, Texas, without notifying appellee. Appellant instructed his family and friends not to tell appellee his whereabouts; and appellee only learned appellant and the baby were in Waco, in November 1973, through a suit to compel appellant's father to tell where the child was located. Appellee filed this suit the following month.

Appellant attends TSTI in Waco; lives on the campus in a two-bedroom house; has kept the child in a nursery school while he was in classes; has joined a church; and has had his girl friend from Fort Worth sleep with him while the child was in the house. Appellant receives $711. per month; and appellee works as a hospital records clerk in Washington, D. C., receiving approximately $600. per month.

We affirm the judgment non obstante veredicto rendered by the trial court.

The Texas Family Code provides:

"Section 14.10 Habeas Corpus

"(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

"(b) *The court shall disregard any cross action * * * for modification of the*

*decree determining managing conservatorship, possession * * * unless it finds that the previous order was granted by a court of another state * * * and that*

"(1) the court did not have jurisdiction of the parties, or

"(2) the child has been within the state for at least 12 months immediately preceding the filing of the petition for the writ."

Here appellee sought possession of her child in accordance with the Maryland Circuit Court decree. That court had jurisdiction of the parties, and the child has not been in Texas 12 months immediately preceding the filing of appellee's suit.

Thus the Family Code, (which appellant's second amended cross action invoked, and which we think applies to the instant case)[2] requires the trial court to disregard appellant's cross action seeking to change the Maryland custody decree. If appellant has any right to have custody changed he still has a remedy available in the courts of Maryland. Bukovich v. Bukovich, S.Ct., Tex.Sup., 399 S.W.2d 528.

Moreover we think the record as a whole does not contain evidence of *material* change of conditions *requiring* a change of custody. See Bukovich v. Bukovich, supra.

Appellant's point is overruled.

Affirmed.

---

**2.** The case was filed prior to January 1, 1974, but tried on February 25, 1974, on plaintiff's amended petition filed December 30, 1973; plaintiff's supplemental petition filed February 21, 1974; and defendant's second amended answer and cross action filed February 22, 1974. Section 4 Acts 1973, 63rd Legislature p. 330 VATS Family Code provides the Act takes effect on January 1, 1974, and governs all proceedings brought after such date, "*and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in an action pending when this Act takes effect would not be feasible or would work an injustice*".