**Michael FOLLAK, Appellant,**

v.

**Carol Follak BROWN, Appellee.**

**No. 7745.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 13, 1975.

Rehearing Denied Dec. 4, 1975.

George Sladczyk, Jr., Port Arthur, for appellant.

Frank A. Adams, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from an order granting a writ of habeas corpus under Section 14.10 of the Tex.Family Code Ann. (1975). The mother, as petitioner, filed this petition in the Domestic Relations Court in Jefferson County to secure possession of a minor son from the father, the respondent below. The sole question involved is the validity of a judgment from the Family Court of Charleston County, South Carolina.

There is little dispute about the facts of this case. A divorce was granted to these parties by that court October 24, 1972, and the respondent was given custody of the child. In June 1973, petitioner asked that court for a change of custody, which was granted September 13, 1973. It is the order changing custody which is the center of controversy in the habeas corpus proceeding. At the time the petition to change custody was filed, respondent and the child were residing in Beaumont. Respondent received notice of a hearing in South Carolina by registered mail in Beaumont. Respondent and the child were living in New Orleans, Louisiana, at the time the order changing custody was entered. Respondent did not appear or answer that petition.

Respondent's primary contention here is that the South Carolina court did not have in personam jurisdiction over him, and the Beaumont Court erred in giving the South Carolina judgment full faith and credit.

Petitioner, respondent, and the minor child were all before the South Carolina Court at the time the original divorce was granted in 1972. That decree contains this provision:

"ORDERED, ADJUDGED AND DECREED that this Court shall and does retain jurisdiction of the above entitled matter and the minor child, Michael Troy Follak, for further proceedings, if such become necessary."

In the order of that court dated September 13, 1973, changing custody to petitioner the recital is made that the South Carolina court had retained jurisdiction of this matter and the minor child for further proceedings, if such became necessary.

Section 11.05(a) of the Tex.Family Code Ann. (1975) reads as follows:

"Except as provided in Subsections (b) and (c) of this section, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child, and no other court has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06 of this code."

Inasmuch as the South Carolina court exercised continuing jurisdiction over this matter, together with the accepted presumption that the law of another state is the same as that of Texas in the absence of pleading and proof of such law, we assume that the law of the state of South Carolina

provides for continuing jurisdiction as set forth in Section 11.05(a) above. Proof was made in the court in Beaumont that the South Carolina law provided for the type of service made upon respondent, that is by registered mail.

The only serious question left to determine is whether Section 11.05(a) is extra-territorial in its scope. As set out above, that section includes the provision that "no other court has jurisdiction of a suit affecting the parent-child relationship."

■ There are two Texas cases very similar to the one before this court. In *Dowden v. Fischer*, 338 S.W.2d 534 (Tex.Civ.App.—Waco 1960, no writ), a divorce was granted in Nevada and custody of the children given to the father. No question was presented as to the validity of that judgment. Later the mother filed in the same cause in Nevada and asked for a change of custody. At the time the father and children resided in Texas, and he was given notice of the hearing by mail. The father did not answer or appear, and the custody of the children was awarded to the mother. The father then filed suit in McLennan County, Texas, where he and the children were residing, asserting that the order changing custody was void for want of proper service of notice. The trial court ruled in favor of the father, but the Waco Court of Civil Appeals reversed the trial court judgment and remanded the case and held at page 537 that even though the father and children were domiciled in Texas at the time the custody was changed, that personal service upon him was not required to give the Nevada court jurisdiction. It was held that the Nevada court had continuing jurisdiction, since the parties appeared in the original action, citing a Nevada statute. It was also held that the Nevada judgment changing custody was presumptively valid and entitled to full faith and credit under the U.S. Const., art. 4, § 1, citing cases at pages 536–537.

In the second Texas case, *Bull v. Wilson*, 362 S.W.2d 662 (Tex.Civ.App.—San Antonio 1962, no writ) a divorce was granted in Illinois, and the mother was given custody of the child. Later the mother voluntarily delivered the child to the father and moved to Texas. Still later, she returned to Illinois, got the child, and returned to Texas. The father then went into the Illinois court and asked for custody alleging changed condition. At that time both the mother and child were in Texas, and she was served with a non-resident notice. She neither appeared nor answered, and the Illinois court entered an order changing custody to the father. The father then filed a petition asking for a writ of habeas corpus in the District Court of San Antonio where the mother and child resided. The trial court held that Illinois had no jurisdiction over Texas domiciliaries. The Court of Civil Appeals reversed the trial court and held that Illinois had jurisdiction and that the trial court should give full faith and credit to the decree. The Illinois statute was quoted showing the Illinois court had continuing jurisdiction over child custody, citing cases at page 664.

Those are the only two cases we have been cited, or found, which we consider to be in point. The respondent cites *Milner v. Gatlin*, 261 S.W. 1003 (Tex.Comm'n.App. 1924, jdgmt. adopted), as being in conflict with the two cases cited above. In that case it was held the Texas court which originally granted the divorce and awarded custody of a child had no in personam jurisdiction over the father and child after they moved to Georgia. The significant difference between this latter case and the other two is the matter of *continuing jurisdiction*. That concept, that is for the courts of this state to retain continuing jurisdiction, had not arrived in the State of Texas and did not arrive until the adoption of the Texas Family Code, effective January 1, 1970. At the time *Milner v. Gatlin*, supra, was tried, the Texas courts did not have continuing jurisdiction, and there was no in personam jurisdiction over the father and child after they moved to Georgia. As indicated by the *Dowden v. Fischer*, supra, and *Bull v.*

*Wilson, supra,* cases, the Texas courts recognized the continuing jurisdiction laws of other states long before Texas adopted that concept for itself.

The pleadings and the point of error in the case before us raise only the single question stated at the beginning of this opinion; that is, whether or not the South Carolina court had jurisdiction over these parties and could order a change of custody. The pleadings in this case raise no issue as to change of conditions subsequent to the September 13, 1973, judgment changing the custody. We are not holding that the jurisdiction of the South Carolina court is exclusive. See *Dowden v. Fischer, supra.*

Affirmed.

KEITH, Justice (concurring).

While I concur in the affirmation of the trial court's judgment, I do so upon different grounds than that relied upon by the majority. The "continuing jurisdiction" concept is only peripherally involved in this case; and, I might add, the grant of continuing jurisdiction in child custody proceedings to courts in Texas has no bearing upon the decision of this cause.

The single question involved is whether the second decree of the South Carolina court granting the mother custody of the child is entitled to full faith and credit in the Texas court. If the South Carolina court had acquired *in personam* jurisdiction over the father prior to the entry of the change of custody decree, such order was entitled to full faith and credit in the courts of Texas.

The introduction of the South Carolina decree made a prima facie case for the mother and the burden was then upon the father to establish that the court did not have jurisdiction to render it. *Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex.1975); Tex.Family Code Ann. § 14.10(b)(1) (1975); *Seaberg v. Brogunier,* 515 S.W.2d 398, 400 (Tex.Civ.App.—Waco 1974, writ ref'd n. r. e.).

A long line of Texas cases has firmly established the rule that foreign custody decrees are entitled to full faith and credit. See, e. g., *Goldsmith v. Salkey,* 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293 (1938); *Bukovich v. Bukovich,* 399 S.W.2d 528 (Tex. 1966); *Knowles v. Grimes,* 437 S.W.2d 816 (Tex.1969). Many decisions of the several courts of civil appeals following the rule are to be found listed in *35 A.L.R.3d 520, 540, "Child Custody—Foreign Judgments," (1971).*

But, under the authoritative decision of *May v. Anderson,* 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953), a custody decision without personal jurisdiction over the parent is not entitled to full faith and credit. The equally authoritative decision of *Mitchim v. Mitchim, supra* (518 S.W.2d at 365), has determined that *in personam* jurisdiction may be acquired through the use of long-arm statutes in this field.

The South Carolina court acquired *in personam* jurisdiction over the father in accordance with its statutes and rules; and, the father, with full notice of the hearing on the change in custody, failed to appear at the hearing. If the father has any right to have the custody changed, he still has a remedy available in the courts of South Carolina, not in Texas at this time. *Bukovich v. Bukovich, supra; Seaberg v. Brogunier, supra.* But, see and compare *Rodgers v. Williamson,* 489 S.W.2d 558 (Tex.1973).

Thus, while I concur in the affirmation of the judgment of the trial court, I do so upon the ground that the South Carolina court, having acquired *in personam* jurisdiction over the father, its custodial decree was entitled to full faith and credit in the Texas courts. *Knowles v. Grimes, supra* (437 S.W.2d at 817). I do not base my concurrence upon the concept of "continuing jurisdiction" as embodied in the Family Code of Texas.