Karen Elma LEHMANN, Appellant,

v.

Andrew L. LEHMANN et ux., Appellees.

No. 17747.

Court of Civil Appeals of Texas, Fort Worth.

May 7, 1976.

**132**

Stilwell & Smith, and Randall S. Boyd, Lewisville, for appellant.

Seay, Gwinn, Crawford, Mebus & Blakeney, and Charles C. Frederiksen, Dallas, for appellees.

## OPINION

MASSEY, Chief Justice.

The appeal is from order granting Petition for Writ of Habeas Corpus under V.A.T.C., Family Code, Sec. 14.10, "Habeas Corpus," as applied to minors, Michael John Lehmann, Deanna Michele Lehmann, and Marni Lyn Lehmann.

By grant of the writ said minors were freed from the unlawful possession exercised over them by their mother, Karen Elma Lehmann. Apparent in the trial court was an order of a court of competent jurisdiction in the State of Minnesota which placed custody of the children in their father, Richard Andrew Lehmann, "subject to physical placement of said minor children being in the paternal grandparents, Andrew L. Lehmann and Gertrude D. Lehmann . . . ."

█ It is elemental that a minor's legitimate custody is in his lawful custodian where by order of the court such custody is placed in a person. Any other person found in possession of such a minor without permission of the court or of the lawful custodian appears before the law, *prima facie,* as one who is depriving the minor of his liberty.

█ In proceedings of habeas corpus the applicant for the writ is the person for whom relief is sought by reason of his being illegally confined or restrained within the district or county, and it is of no importance that the petition for the writ be signed and presented by some other person. 27 Tex. Jur.2d, p. 723, "Habeas Corpus," Sec. 46, "In general; Who may apply."

We have made the statement at this initial part of the opinion because the parties to the instant litigation appear uncertain as to what is or may be involved, particularly relative to the right to relitigate the matter of custody of the minors who seek delivery by writ of habeas corpus.

It was the paternal grandparents who signed and presented the petition in the District Court of Denton County, Texas, but it was the minors who prevailed. Their mother, Karen Elma Lehmann, brought the appeal.

Order affirmed.

In February of 1975 the parents of the minors were divorced in Minnesota, and the mother was granted custody. She was not, however, permitted to remove the children from the state absent authority by permission of the court. In disregard, knowingly or unknowingly, Mrs. Lehmann removed the minor children to the State of Texas. The move occurred in May of 1975.

In July of 1975 the father of the children petitioned for a change of their custody in the Minnesota court. As is presently the case in Texas such court had continuing jurisdiction over the children and their cus-

tody. Service of citation by personal service was obtained upon Mrs. Lehmann. She arranged for a "special appearance" in the case for the purpose of contesting the court's jurisdiction, but when the court overruled the "special appearance" and afforded additional time within which she might be enabled to personally appear for general purposes she decided not to answer "upon advice of counsel." The Minnesota court ordered change of custody to the father of the minors as previously indicated, in September of 1975.

October 27, 1975, the petition for writ of habeas corpus was filed in the Texas court. On application the court took judicial notice of applicable Minnesota statutory laws.

█ We apply Sec. 14.10 of Texas Family Code. Actually the only legitimate complaint in the court below related to the jurisdiction of the Minnesota court to render the change of custody order. It is to be noticed that there had been no appeal therefrom. Of this we deem the Texas courts committed to the principle that under the Full Faith and Credit clause of the Federal Constitution (U.S.Const., Art. 4, Sec. 1) together with the law of the state, itself, jurisdiction continued to obtain in the Minnesota court and its September, 1975, order changing custody of the children here involved became final, decisive, and controlling relative to the custodial rights over them; all of which is to be respected and acknowledged by our Texas courts. See both the majority and concurring opinions in the case of *Follak v. Brown*, 530 S.W.2d 882 (Tex.Civ.App., Beaumont, 1975, writ ref., n. r. e.) and the cases discussed.

There was no error of the District Court of Denton County, Texas in granting writ of habeas corpus.

All points of error have been severally considered; all are overruled.

Order affirmed.