**Robert E. WALTREUS, Appellant,**

v.

**Dorothy Rose BRADDOCK, Appellee.**

**No. 5045.**

Court of Civil Appeals of Texas, Eastland, Texas.

May 5, 1977.

Rehearing Denied May 26, 1977.

H. Glenn Cortez, Bob Andrews, Austin, for appellant.

Richard D. Mock, Taylor & Pratt, Burnet, for appellee.

WALTER, Justice.

Robert E. Waltreus' application for writ of habeas corpus was denied and he has appealed.

Waltreus filed an application for a writ of habeas corpus and alleged he was entitled to possession of his child, Linda Marie Waltreus, by virtue of an order of the superior court of the State of California for the County of Los Angeles in Cause No. EAD21370 and that said order was in full force and effect. He alleged the child was being illegally restrained by the respondent, Dorothy Rose Braddock, the maternal grandmother. The habeas corpus proceeding was No. 6691 on the docket of the District Court of Burnet County.

There was also pending in said District Court Cause No. 6684 styled "In the Interest of Linda Marie Waltreus, a Child." Cause No. 6684 was instituted by Mrs. Braddock which sought to terminate the parental rights of the parents of the child. Mr. Waltreus submitted himself to the jurisdiction of the court in Cause No. 6684, but the natural mother of the child had not been served with citation and had not submitted herself to the jurisdiction of the court. The statement of facts reveals the court heard both matters at this hearing. The court entered a judgment denying the writ of habeas corpus and said:

"The court finds that the child LINDA MARIE WALTREUS has resided in the County of Burnet, State of Texas, for the preceding twelve months and that it would be in the best interest of the child to deny the Writ of Habeas Corpus as prayed for."

The statement of facts conclusively establishes the court consolidated the two cases and heard them at the same time. The statement of facts was approved by Richard Mock as attorney for petitioner in Cause No. 6684 and for respondent in Cause No. 6691 and by H. Glenn Cortez for respondent in Cause No. 6684 and attorney for petitioner in Cause No. 6691. After the

court announced he would hear evidence in the consolidated cases, no objection was made by either party. The court reporter's certificate shows this to be "a true and correct Statement of Facts and proceedings had in Causes Nos. 6684 and 6691."

At the conclusion of the trial, the statement of facts before us reveals the following:

"THE COURT: All right. It is my understanding that Article 1410 of the Family Code provides an exception to the usual habeas corpus case when the child has been within the State of Texas for at least twelve months immediately preceding the filing of the petition on the writ; that appears to be the situation in this case, and so the application for writ of habeas corpus is denied. And the temporary conservatorship is placed in the petitioner in Cause No. 6684, Dorothy Rose Braddock . . ."

Appellant contends the court erred in denying him the immediate possession of his child under Section 14.10(a) of the Family Code, because possession of said child was conclusively governed by a valid court order. He introduced a stipulation for modification of interlocutory judgment and order rendered by the superior court of the State of California for the County of Los Angeles on August 9, 1976. By the terms of this order, the physical custody of said child was given to the petitioner, Robert Eugene Waltreus, and the natural mother was given the right of reasonable visitations.

Section 14.10 of the Family Code is as follows:

"§ 14.10. *Habeas Corpus*

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that the previous order was granted by a court of another state or nation and that:

(1) the court did not have jurisdiction of the parties; or

(2) the child has been within the state for at least 12 months immediately preceding the filing of the petition for the writ.

(c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

(d) While in this state for the sole purpose of compelling the return of a child through a habeas corpus proceeding, the relator is not amenable to civil process and is not subject to the jurisdiction of any civil court except the court in which the writ is pending and in that court only for the purpose of prosecuting the writ.

(e) If the right to possession of a child is not governed by a court order, the court in a habeas corpus proceeding involving the right of possession of the child shall compel return of the child to the relator if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights, privileges, duties, and powers of a parent as set forth in Section 12.04 of this code.

(f) The court shall disregard any motion for temporary or permanent adjudication relating to the possession of the child in a habeas corpus proceeding brought under Subsection (e) of this section unless at the time of the hearing an action is pending under this chapter, in which case the court may proceed to issue any temporary order as provided by Section 11.11 of this code."

In *Russell v. McMurtrey,* 526 S.W.2d 270 (Tex.Civ.App.—Beaumont 1975, writ ref. n. r. e.), the court said:

"The trial court took the only action it could under the circumstances in this case. The issue of custody had been litigated in the Colorado court less than thirty days before this habeas corpus hearing. Custody of the minor child had

been placed in the father, and under Tex. Family Code Ann. art. 14.10 (1975) he was permitted to file a petition in habeas corpus to try the issue of 'right of possession.' In order to refuse to carry out the Colorado judgment, the trial court here would either have to have found that the Colorado court did not have jurisdiction of the parties or *that Sean McMurtrey had been within the state of Texas for at least twelve months immediately preceding the filing of the petition for this writ.* Neither the mother nor the grandparents made any contention below or make any contention here, that either of those two situations existed." (Emphasis added)

See also: *Seaberg v. Brogunier,* 515 S.W.2d 398 (Tex.Civ.App.—Waco 1974, writ ref. n. r. e.).

The court found the child resided in Texas for at least twelve months immediately preceding the filing of the writ of habeas corpus. We hold under Subdivision (b)(2) of Section 14.10 of the Family Code the court was authorized to deny the writ of habeas corpus.

We have considered all of the appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.