## In the Interest of Santos MARTINEZ et al., minor children.

### No. 5430.

Court of Civil Appeals of Texas, Waco.

April 10, 1975.

Burt Barr, Joe McNicholas, Dallas, for Bea Martens.

Neil Pfeiffer, Bastrop, for State Department Of Public Welfare.

HALL, Justice.

The five children of Raymond Martinez and wife, Eluteria Martinez, are presently in the possession of The Coe Children's Home, which is located in Ellis County. Mrs. Bea Martens is secretary of The Coe Children's Home. On December 11, 1974, she filed this suit in the 40th Judicial District Court, in Ellis County, to terminate the parent-child relationship between the Martinez children and their parents, and to have herself appointed managing conservator of the children. The State Department Of Public Welfare intervened and moved the court to dismiss the action for want of jurisdiction. At the conclusion of the hearing the court granted the motion and dismissed this case for want of jurisdiction. Mrs. Martens questions this order in four points of error.

It is reasonably inferable from the record that this is the first action in the 40th District Court involving these children or their parents; and, in oral argument before us, the parties stipulated that this is so.

The hearing on the motion to dismiss developed the following undisputed facts.

On June 11, 1971, the 21st Judicial District Court, in Bastrop County, made an order awarding custody of the Martinez children to the County Judge of Bastrop County. Six days later, on June 17, 1971, an employee of the State Department Of Public Welfare delivered the children into the possession of The Coe Children's Home. They have remained in the home since that time. By judgment dated March 27, 1973, the 21st Judicial District Court in Bastrop County changed the custody of the children to a supervisor for the State Department Of Public Welfare named Jimmy Caruthers, and his successor in that position. The parental rights of Mr. and Mrs. Martinez were not terminated in the proceedings in the 21st Judicial District Court; and The Coe Children's Home was not a party to either action.

The rights of the parties are controlled by various sections of Subtitle A of Title 2 of the Texas Family Code V.T.C.A., which took effect on January 1, 1974. Secs. 11.04 through 11.07 of the Code are concerned with the venue of actions which affect the parent-child relationship. A "suit affecting the parent-child relationship" is defined in Para. (5) of Sec. 11.01 of the Code to mean "a suit brought under this subtitle in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is sought." With two exceptions which do not bear application to our suit, Sec. 11.05 provides that once a court has properly assumed jurisdiction in one of these suits, then all future actions involving the parent-child relationship of the parties must be brought in the court in which the original proceeding was laid. This venue provision is referred to in the Code as "continuing jurisdiction."

Para. (b) of Sec. 11.07 of the Family Code provides as follows:

"On the commencement of a suit affecting the parent-child relationship in a court which has not already acquired continuing jurisdiction, the court shall request from the State Department Of Public Welfare identification of the court which last had jurisdiction of the child in a suit affecting the parent-child relationship unless the information from the department is attached to the petition. The court shall identify the child by name, birthdate, and place of birth. If another court is determined to have continuing jurisdiction over the parent-child relationship, the court in which the suit was commenced shall dismiss the suit without prejudice."

Mrs. Martens' petition did not contain any information from the State Department Of Public Welfare or any other source regarding the prior suits in Bastrop County involving the Martinez children. The record does not show directly whether or not the trial court complied with Sec. 11.07 of the Code and sought information from the State Department Of Public Welfare as to the possibility of the prior assumption of jurisdiction over the parent-child relationship of these children by another court; but the only logical inference from the record is that this was not done. In any event, the State Department Of Public Welfare learned of this suit, intervened, and apprised the court of the prior proceedings; whereupon, the court properly ordered a dismissal. However, the court erroneously dismissed the suit for want of jurisdiction. It should have been dismissed without prejudice, in keeping with the mandate of Sec. 11.07 of the Family Code.

Mrs. Martens' points and contentions are overruled. The judgment is reformed to provide that the dismissal of this suit is without prejudice rather than for want of jurisdiction. As reformed the judgment is affirmed. The question of Mrs. Martens' standing to bring this suit, raised in a cross-point, becomes immaterial with this disposition and need not be decided.

Reformed and affirmed.