Elizabeth G. BROWN, Plaintiff in Error,

v.

Richard D. BROWN, Defendant in Error.

No. 6602.

Court of Civil Appeals of Texas, El Paso.

Aug. 24, 1977.

Rehearing Denied Sept. 21, 1977.

El Paso Legal Assistance Society, Israel Galindo, Susan E. Perry, El Paso, for plaintiff in error.

Niland & Niland, Jack T. Niland, El Paso, for defendant in error.

## OPINION

OSBORN, Justice.

This is an appeal by Petition for Writ of Error from a judgment changing custody of a minor child and naming the father as managing conservator and the mother as possessory conservator. The judgment is reversed and the case dismissed.

These parties were granted a divorce by the District Court of El Paso County, Colorado, on November 28, 1975. Elizabeth was awarded custody of the minor child and Richard was granted rights of reasonable visitation. That decree concludes "IT IS FURTHER ORDERED THAT THIS COURT RETAINS SUCH JURISDICTION OF THIS ACTION AS IS PROVIDED BY LAW." Prior to the entry of that judgment, Richard had taken the parties' minor daughter, Patricia Brown, who was born January 27, 1974, and would not disclose her whereabouts to the mother. In June, 1976, he arranged for Elizabeth to come to El Paso, ostensibly to effect a reconciliation. For the first time in nearly a year,

she saw her daughter who was living with Richard's parents. According to her testimony, Richard told her she would never see the child again unless she signed a waiver of citation, an affidavit, and an agreed judgment in order that he might obtain legal custody of their daughter. She said she signed the papers because of the threats made at the time and with the assurance that she could appear at the court hearing. She was never told when the hearing would be held and, according to a recital in the judgment, "did not appear." She timely perfected her appeal by a Petition for Writ of Error.

Plaintiff's only point of error in this Court contends that the trial Court erred in changing the custody of the minor child because that Court did not have jurisdiction over the case. In reply, Defendant urges that Elizabeth cannot appeal by writ of error because of her participation in the trial below, and that there was no error in the trial Court's judgment, jurisdiction having been established.

■ First, we conclude that Plaintiff is entitled to appeal by writ of error. The signing of a pleading, which constituted an appearance and waiver of citation, was not participation in the trial of the case under Article 2249a, Tex.Rev.Civ.Stat.Ann. *Petroleum Casualty Co. v. Garrison*, 174 S.W.2d 74 (Tex.Civ.App.—Beaumont 1943, writ ref'd w. o. m.). The judgment itself recites that she "did not appear," and the record establishes that neither Elizabeth nor any counsel in her behalf attended the hearing. Although her affidavit was filed by Richard's counsel, that was not her participation in open Court. In *Burton v. Home Indemnity Company*, 531 S.W.2d 665 (Tex.Civ.App.—El Paso 1975, writ ref'd n. r. e.), relied upon by Defendant, the plaintiff filed his own affidavit in a summary judgment proceeding, which is tantamount to giving his testimony at the hearing. That case is not applicable. And since Plaintiff did not appear, she obviously did not approve the judgment in open Court. In fact, the signature on the judgment does not show that it was made to approve the judg-

ment for any purpose, either as to form or substance. Again, the record reflects the signature was given several days before the hearing in this case. Since she did not appear, did not know what evidence was presented, and did not learn about the hearing until after judgment was entered, Elizabeth is entitled to the added time for appeal as provided for by writ of error. *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941).

We next consider whether the trial Court had jurisdiction to consider the petition seeking a change in the parent-child relationship. To answer that question, we look to Chapter 11 of the Texas Family Code.[1] Section 11.05 of the Code provides, with exceptions not applicable in this case, that:

> " * * * when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child, and no other court has jurisdiction of a suit affecting the parent-child relationship with regard to that child * * *."

This provision changed the earlier Court decisions holding that the trial Court's jurisdiction in child custody cases was not "continuing exclusive jurisdiction." *Boney v. Boney*, 458 S.W.2d 907 (Tex.1970); *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974).

In 1974, the Texas Supreme Court recognized the provision for exclusive "continuing jurisdiction" as provided for in Section 11.05, but held that it did not apply because of the transitional provision of Chapter 11 of the Code. *Curtis v. Gibbs, supra.* In 1975, the Waco Court of Civil Appeals gave full effect to Section 11.05 and held that "once a court has properly assumed jurisdiction in one of these suits, then all future actions involving the parent-child relationship of the parties must be brought in the court in which the original proceeding was laid." *In re Martinez*, 522 S.W.2d 230 (Tex. Civ.App.—Waco 1975, no writ). The Court in that case apparently did not consider the effect of the transitional provision which was applied in the *Gibbs* case.

In order to solve some of the problems arising from the "continuing jurisdiction" provision of Section 11.05, the Legislature in 1975 added Section 11.071 entitled "Identification of Court of Continuing Jurisdiction." Under this provision, the petitioner or the Court shall request from the State Department of Public Welfare identification of the Court that last had jurisdiction of the child in a suit affecting the parent-child relationship, unless (1) the petition alleges that no Court has continuing jurisdiction of the child, and the issue is not disputed by the pleadings; or, (2) the petition alleges that the Court in which the suit is filed has acquired and retains continuing jurisdiction and the issue is not disputed by the pleadings.

In our case, the original petition alleged that no other Court has continuing exclusive jurisdiction of this suit. It also alleged that the parties were divorced by the District Court of El Paso County, Colorado, and that said Court awarded custody of the named minor child to Elizabeth Brown. Richard swore that these allegations "are true and correct." The trial Court made a finding that no other Court has continuing exclusive jurisdiction.

■■■ Since Plaintiff filed only a waiver of citation, she obviously did not dispute the allegation that no other Court has continuing jurisdiction. But Section 11.071(a)(1) requires information from the State Department of Public Welfare unless "the issue is not disputed by the pleadings." We conclude that when Richard alleged that another Court had granted custody of the minor child to the mother, the issue of continuing jurisdiction was raised, and such pleading disputed the prior allegation that no other Court had continuing jurisdiction. Had the original petition alleged that a divorce was granted by a Texas Court and an award of custody made, the trial Court in this case would have known that under Section 11.05 the Court granting the divorce would continue jurisdiction until the

---

1. All Section references are to the Texas Family Code.

child became 18, unless a transfer was made under Section 11.06. Where there is no proof to the contrary, the Court must presume that the law of another state is the same as the law of Texas. *Follak v. Brown*, 530 S.W.2d 882 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.). Thus, the foreign Court granting the divorce and awarding custody would have continuing jurisdiction. Under the holding in *Follak v. Brown, supra*, Section 11.05(a) is extraterritorial in scope. We may not presume that proof was made to the contrary because the Colorado decree, which is a part of the transcript, shows specifically that in accordance with Colorado law, that Court did retain jurisdiction.

Thus, we conclude that Richard's own pleadings did dispute the allegation of no other Court having continuing jurisdiction. In such instance, it was incumbent upon him or the Court to obtain information from the Department of Public Welfare as to the identity of the Court having continuing jurisdiction, and any order entered in the absence of such information is voidable. Section 11.071(d). Since an erroneous judgment was entered, we sustain the Plaintiff's Point of Error No. 1 in this direct attack upon that judgment.

To reach any other result would encourage parents to remove children from one state to another in violation of a Court order and permit the obtaining of a custody order based upon a false affidavit as to a Court's continuing jurisdiction. Such practice has continually been condemned by the Courts of this State. *Wicks v. Cox*, 146 Tex. 489, 208 S.W.2d 876 (1948); *Autry v. Autry*, 359 S.W.2d 272 (Tex.Civ.App.—El Paso 1962, no writ).

Having reached this result and sustained the Plaintiff's point of error, we reverse the judgment of the trial Court and the case is dismissed without prejudice. Section 11.-071(d); *In re Martinez, supra*.