**Ex parte William Jackie ODEN.**

**No. 19382.**

Court of Civil Appeals of Texas, Dallas.

Sept. 7, 1977.

J. S. Freels, Jr., Doss, Thompson, Freels & Hagood, Denison, for appellant.

William G. Eyres, Kagay, Turner, Eyres & Robertson, Dallas, for appellee.

ROBERTSON, Justice.

This is a habeas corpus proceeding under Texas Revised Civil Statutes Annotated, article 1824a (Vernon Supp.1976), by which the relator, William Jackie Oden, seeks his discharge from the custody of the sheriff of Collin County. He is in jail by virtue of a commitment issued by the Honorable Tom Ryan, Judge of the 199th Judicial District Court of Collin County, which found relator in contempt for failure to make child support payments as previously ordered by the 16th District Court of Denton County. We previously ordered relator released on bail pending a hearing in this court, and we now hold that the order of the district court of Collin County is void because that court had no jurisdiction to enforce the support order of the district court of Denton County. Consequently, the writ of habeas corpus is granted, and relator is ordered discharged from custody.

The support order in question is contained in a divorce decree of October 22, 1972, signed by the Honorable Will Boyd, Judge of the 16th District Court of Denton County. Subsequently, on July 14, 1977,

relator's former wife filed a "Motion for Contempt" in the 199th District Court of Collin County, seeking "enforcement of a prior order entered in this cause," and alleging that the relator has willfully disobeyed the support order of the 16th District Court. The court overruled relator's plea to the jurisdiction, proceeded to hear testimony, and found relator "in contempt for failure to obey a duly entered order of Court, which order appears of record in Volume 79, page 544, of the Civil Minutes, *16th District Court, Denton County, Texas,*" (emphasis added), and assessed a fine of $100 and confinement in the Collin County jail for a period of ninety days and thereafter until he had paid child support arrearage in the sum of $16,800 and $350 attorney's fees for relator's former wife.

■ In seeking to justify this commitment, Mrs. Oden argues that her motion for contempt was not a suit "affecting the parent-child relationship" within the meaning of Section 11.05 of the Texas Family Code Annotated (Vernon Supp.1976), but rather was an independent suit filed to enforce an order entered prior to the effective date of the Code. She urges that the concept of continuing jurisdiction does not apply to such pre-existing order. We disagree. The concept of continuing jurisdiction antedates the enactment of the Family Code. Before the Code, it was well settled that a divorce court had continuing jurisdiction over child support matters, including contempt proceedings instituted to enforce a court order. *Boney v. Boney,* 458 S.W.2d 907, 911 (Tex. 1970); *Ex parte Gonzalea,* 111 Tex. 399, 238 S.W. 635 (1922). The continuity of this rule was expressly recognized in *Curtis v. Gibbs,* 511 S.W.2d 263, 266 (Tex.1974), in which our supreme court stated:

> We assume the Legislature intended to use the phrase "continuing jurisdiction" in the same sense in which this court has heretofore used it in connection with child support orders, to mean *that jurisdiction which continues after final judgment.* [Emphasis added.]

■ Since the principle of continuing jurisdiction thus applies to decrees rendered both before and after the date of the Family Code, the sole remaining issue is whether this suit falls within the exception to continuing jurisdiction set forth in Title 2— Family Code, adopted by the 63rd Legislature, which provides:

> Any action or suit commenced after January 1, 1974, that has as its object the *modification* of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the *commencement* of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction. [Emphasis added]

Acts 1973, 63rd Leg., Reg.Sess., Ch. 543, § 4(b), at 1459.

We cannot agree that this suit falls within this exception. By its terms, the section only precludes application of continuing jurisdiction to suits filed to *modify* orders entered prior to the effective date of the Code. The present suit does not seek to modify the support order, but to enforce it. Accordingly, this action is not an independent suit, and the original divorce court has continuing exclusive jurisdiction. Since the 16th District Court of Denton County entered the original decree, it is the court of continuing jurisdiction, and the commitment order of the Collin County court is void for lack of jurisdiction. Of course, our ruling here does not prejudice the former wife from pursuing an action for contempt in the Denton County district court.

Relator discharged.