**Noble Price PARKER, Appellant,**

v.

**John KILGORE et al., Appellees.**

**No. 8052.**

Court of Civil Appeals of Texas, Beaumont.

Jan. 26, 1978.

Homer L. Cox, Houston, for appellant.

O. N. Baker, Houston, for appellees.

DIES, Chief Justice.

In November 1971 the Alief Church of Christ acquired property in Harris County by general warranty deed. A church was built on this property. A majority of the members of the church approved certain restrictions which specify in great detail the doctrinal teachings that may and may not be advanced on the property, including the following:

"This property is restricted against false teachers, preachers, pastors of any and every kind. Those who advocate the theories of denominationalism, compromise, pre-millennialism, post-millenialism, liberalism or any other speculative or divisive theory, namely anti-ism of any kind, those opposing orphan homes, cooperation with other congregations or those opposing any scriptural work the scriptural elders or servants of the church shall lead in doing for the advancement of the Cause of Christ, which are causing divisions among Christians, disturbing the peace of the churches of Christ, shall be debarred from preaching or teaching on these premises, except in the event of a public discussions of these matters by faithful Gospel Proclaimers contending for the faith against error."

This suit was brought by plaintiff Noble Price Parker against John Kilgore and other members of the church contending these doctrinal restrictions were not being observed by the church. Plaintiff prayed for an injunction against defendants "enjoining them from violating the restrictions . . . for judgment ordering the Defendants to give to Plaintiff . . . all keys, books of records, check book, bank account, book of minutes of business meetings, all records and/or cards received from any and all persons who have visited the services. . . ."

The trial court found that these doctrinal restrictions were void because of *Tex.Rev. Civ.Stat.Ann. art. 1293a* (Supp.1977).[1]

The trial court lacked jurisdiction to entertain the suit because the pleadings of the plaintiff tendered the "departure from-

---

1. That statute follows:

"Invalidity of deed restrictions based on race, color, religion or national origin

Section 1. A provision in any deed conveying real property or any interest in real property, or any restrictions affecting real property, whether stated expressly in the deed or restrictions, or incorporated by reference, which provides that the property may not be sold, leased, or transferred to, or used by, any person because of race, color, religion, or national origin, is void and unenforceable. Section 2. The courts of this State shall dismiss any suit or part of any suit in which a provision, restriction, or covenant declared void by the provisions of Section 1 of this Act is sought to be enforced." (Effective June 10, 1969)

doctrine" issue in contravention of the First Amendment to the Constitution of the United States. This is made abundantly clear by this sentence found in plaintiff's statement under his first point in his brief:

> "The restrictions made the basis of this cause of action only defines and determines the teachings and type of worship to be permitted on the subject property while it is owned by the Alief Church of Christ."

Since the United States Supreme Court decision in *Presbyterian Church v. Hull Church*, 393 U.S. 440, 449–51, 89 S.Ct. 601, 606–607, 21 L.Ed.2d 658, 665–667 (1969), it is clear that the First Amendment forbids civil courts from undertaking to resolve controversies over religious doctrine and practice. As stated by Mr. Justice Brennan:

> "[T]he departure-from-doctrine element of the Georgia implied trust theory requires the civil court to determine matters at the very core of a religion—the interpretation of particular church doctrines and the importance of those doctrines to the religion. Plainly, the First Amendment forbids civil courts from playing such a role." (393 U.S. at 450, 89 S.Ct. at 607)

Plaintiff could prevail in his litigation only by securing a decree establishing his major premise: that the defendants had failed to follow the particular doctrines and dogma which he asserts support his sole ground of recovery. The trial court did not have jurisdiction to grant or to deny the relief sought, and its only proper action would have been a dismissal thereof.

If at any time during its progress it becomes apparent that a court has no authority under the law to adjudicate the issues presented, it becomes the duty of the court to dismiss the cause. *City of Beaumont v. West*, 484 S.W.2d 789, 791 (Tex.Civ. App.—Beaumont 1972, writ ref'd n. r. e.). The judgment of the trial court is reversed, and the cause is dismissed. All costs are taxed against the plaintiff.

REVERSED and CAUSE DISMISSED.