**Albert Willis BAKER, Appellant,**

v.

**Virginia (Baker) SEAVER, Appellee.**

**No. 5139.**

Court of Civil Appeals of Texas, Eastland.

June 1, 1978.

Joe Taylor, Austin, Henry T. Ray, Amarillo, for appellant.

Harriet Samon Owen, Austin, for appellee.

McCLOUD, Chief Justice.

The controlling question is whether the court that enters a final judgment, affecting the parent-child relationship, after January 1, 1974, modifying a divorce and child custody judgment entered prior to January 1, 1974, thereafter becomes the court of "continuing jurisdiction".

Petitioner, Virginia (Baker) Seaver, sued her former husband, respondent, Albert Willis Baker, in Travis County, seeking to be named managing conservator of Terry Mechia Baker, and requesting an increase in child support and modification of visitation rights. Petitioner alleged that "no other court has continuing jurisdiction of this suit or of the children" who were the subject of the suit. Respondent filed a "Motion To Transfer" wherein he challenged petitioner's allegation that no other court had continuing jurisdiction of the suit. The trial court overruled respondent's motion and entered its order appointing petitioner managing conservator of Terry Mechia Baker and continued petitioner as managing conservator of the parties' two other children, Lela Jo Ellen Baker and Christopher Todd Baker. The court named respondent possessory conservator of the three children, set specific visitation rights, and increased the child support originally ordered when the parties were divorced on February 27, 1973.

Respondent appeals. We reverse and dismiss the proceedings without prejudice.

Petitioner and respondent were divorced February 27, 1973, in the Domestic Relations Court of Potter County, Texas. Petitioner was granted custody of the three children of the parties, Terry Mechia, Lela Jo Ellen and Christopher Todd. Respondent was given reasonable visitation rights and ordered to pay child support of $150 per month. On October 17, 1973, the Domestic Relations Court of Potter County entered an order changing the custody of Terry Mechia Baker to respondent. In "August of 1974", the Domestic Relations Court of Potter County entered its order setting out specific visitation rights of the parties with the three children. This order controls our disposition.

Petitioner argues that since the original divorce judgment was entered prior to Jan-

uary 1, 1974, no court has continuing jurisdiction over these three children. We disagree.

Petitioner's pleadings and the admission of counsel at time of trial conclusively establishes that in August 1974, the Domestic Relations Court of Potter County entered a final order "affecting the parent-child relationship". The order specified the parties' rights to access as to each of the three children.

In *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex. 1974), the court construed the transitional provision of the Texas Family Code and held that no court would have "continuing jurisdiction" based on its jurisdiction of any suit in which final judgment was entered prior to January 1, 1974. The transitional provision in question provides:

"(b) Any action or suit commenced after January 1, 1974, that has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction." See Vol. 2 Texas Family Code, page 3.

The court in *Curtis v. Gibbs, supra,* was not concerned with a final judgment, affecting the parent-child relationship, entered after January 1, 1974, modifying a judgment entered prior to January 1, 1974, as we have in the instant case.

Section 11.05 of the Family Code expresses the public policy of this State that controversies affecting particular children need to be settled by a single court. Section 11.05 provides in part:

"(a) Except as provided in Subsections (b), (c), and (d) of this section, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child, and no other court has jurisdiction of a suit affecting the parent-child relationship

with regard to that child except on transfer as provided in Section 11.06 of this code."

Professor Eugene L. Smith, in the commentary discussing Section 11.05, states in 5 Tex.Tech L.Rev. 397:

"Subsection (a). Once a suit affecting the parent-child relationship has been brought in a district court (or a legislative court of equivalent jurisdiction), the court which enters judgment then has continuing, exclusive jurisdiction over subsequent suits affecting the parent-child relationship under subtitle A with respect to that child, whether the subsequent suit seeks either modification of the original decree or a decree affecting other aspects of the child's welfare. In the jurisdictional sense, the entry of judgment in a suit affecting the parent-child relationship makes all subsequent suits affecting the judgment or any other aspect of the parent-child relationship 'modification' suits."

To permit suits for modification of judgments entered prior to January 1, 1974, to be brought in any court, notwithstanding a modification judgment having been entered after January 1, 1974, would completely frustrate the purpose and intent of the Legislature. We hold that once a judgment entered prior to January 1, 1974, is modified after January 1, 1974, then the court modifying such judgment becomes thereafter the court of continuing jurisdiction.

Furthermore, in the instant case, respondent's pleadings disputed petitioner's allegation that no court has continuing jurisdiction of the children.

Section 11.071 of the Family Code provides:

"(a) The petitioner or the court shall request from the State Department of Public Welfare identification of the court that last had jurisdiction of the child in a suit affecting the parent-child relationship unless:

(1) the petition alleges that no court has continuing jurisdiction of the child, and the issue is not disputed by the pleadings; or

(2) the petition alleges that the court in which the suit, petition for further remedy, or motion to modify has been filed has acquired and retains continuing jurisdiction of the child as the result of a prior proceeding, and the issue is not disputed by the pleadings.

.    .    .    .    .

(c) If a request for information from the department relating to the identity of the court having continuing jurisdiction of the child has been made pursuant to Subsection (a), no final order, except an order of dismissal, shall be entered until the information is filed with the court. If a final order is entered in the absence of the filing of the information from the department, the order is voidable on a showing that a court other than the court that entered the order had continuing jurisdiction.

(d) If the court in which a petition in a suit affecting the parent-child relationship is filed determines that another court has continuing jurisdiction of the child, the court in which the petition is filed shall dismiss the suit without prejudice."

Section 11.05 of the Family Code provides in part:

"(c) A court shall have jurisdiction over a suit affecting the parent-child relationship if it has been, correctly or incorrectly, informed by the State Department of Public Welfare that the child has not been the subject of a suit affecting the parent-child relationship and the petition states that no other court has continuing jurisdiction over the child."

In the instant case, neither the petitioner nor the court requested from the State Department of Public Welfare identification of the court that last had jurisdiction of the children. The trial court was not informed, either correctly or incorrectly, by the State Department of Public Welfare that the children had not been the subject of a suit affecting the parent-child relationship. The judgment entered in August of 1974 was entered in a suit affecting the parent-

child relationship. The judgment expressly specified the parties' rights to access as to each of the three children. Section 11.17 of the Family Code required the clerk of the Domestic Relations Court of Potter County to transmit a copy of that judgment to the State Department of Public Welfare.

Respondent's pleadings disputed petitioner's allegations that no other court had continuing jurisdiction. When confronted with a similar situation, the court in *Brown v. Brown,* 555 S.W.2d 784 (Tex.Civ.App.—El Paso 1977, no writ) stated:

"   .   .   .   In such instance, it was incumbent upon him or the Court to obtain information from the Department of Public Welfare as to the identity of the Court having continuing jurisdiction, and any order entered in the absence of such information is voidable. Section 11.-071(d)   .   .   ."

■ Respondent's motion should have been designated as a plea to the jurisdiction rather than a "Motion To Transfer". We will treat the plea as if it had been properly designated. It was obvious from respondent's pleadings that he was challenging the jurisdiction of the court. Rule 71, T.R.C.P.

Judgment of the trial court is reversed and the case is dismissed without prejudice.