Rebecca GUNTER, Appellant,

v.

Genevie GLASGOW, Appellee.

No. 5528.

Court of Civil Appeals of Texas, Eastland.

Oct. 16, 1980.

Richard A. Gladstone, West Texas Legal Services, Abilene, for appellant.

Richard L. Palmer, Little & Palmer, Big Spring, for appellee.

DICKENSON, Justice.

The issues on appeal are whether a Texas District Court erred in failing to abate its child custody proceedings because of divorce proceedings which were pending in a Kansas District Court and in failing to give "full faith and credit" to an order which was entered in Kansas after the commencement of the Texas proceeding but prior to judgment.

The child, Sherry Dawn Gunter, was living in Texas with her paternal aunt, Genevie Glasgow, when the two proceedings commenced. The child's mother, Rebecca Gunter, sued the child's father, Marvin J. Gunter, in the District Court of McPherson County, Kansas, on January 30, 1979, seeking a divorce and asking for custody of Sherry Dawn and three other small children. The child's aunt filed her suit in the District Court of Nolan County, Texas, on February 28, 1979, naming both of the child's parents as parties and seeking to be appointed managing conservator of Sherry Dawn, then age 4. After overruling the mother's plea in abatement on April 20, 1979, a temporary order was entered by the Texas District Court which named the aunt temporary managing conservator and enjoined the mother from removing the child from the jurisdiction of the court. The mother then secured a continuance of the Texas proceedings, and she secured a Kansas order which purported to give her custo-

dy of the child on November 15, 1979. Sherry Dawn has continued to live with her aunt during the course of these proceedings. The aunt was not a party to the Kansas lawsuit. On January 14, 1980, a Texas jury returned its verdict that the aunt should be named managing conservator of the child. On March 27, 1980, the Texas court overruled the mother's motion to enforce the Kansas order and entered its Decree in accordance with the jury's verdict. The mother appeals. We affirm.

There are no objections to the court's charge to the jury, and there is no challenge to the legal or factual sufficiency of the evidence. The appellant mother's brief contains three points of error.

■ The first point of error argues that the Texas trial court erred "in not requesting from the State Department of Public Welfare identification of the Court that last had jurisdiction of the child." This point is overruled. Tex.Fam. Code Ann. § 11.05 and § 11.071 (Vernon Supp.1980)[1] refer only to courts within the State of Texas. They do not apply to out-of-state proceedings. We agree with the statement in *Crockett v. Crockett*, 589 S.W.2d 759, at 764 (Tex.Civ. App.–Dallas 1979, writ ref'd n.r.e.), that:

Obviously, the legislature did not expect the State Department of Public Welfare to maintain records on out-of-state courts having jurisdiction over every child that comes into Texas or every child that might be the subject of a suit in Texas affecting the parent-child relationship. It is ridiculous to assume that the legislature would have enacted a system which would require the courts to perform these useless acts. Thus, the only reasonable context in which the term "continuing jurisdiction" can be read is as applying exclusively to Texas courts.

*Crockett* expressly disagreed with *Brown v. Brown*, 555 S.W.2d 784 (Tex.Civ.App.–El

Paso 1977, no writ), upon which appellant relies. In view of the Supreme Court's action on *Crockett*, we decline to follow *Brown*.

■ The second point of error argues that the trial court erred "in failing to abate the Texas custody proceedings because there was prior litigation pending in another state regarding the custody of the same child." We disagree. Both parties cite *Nowell v. Nowell*, 408 S.W.2d 550 (Tex. Civ.App.–Dallas 1966, writ dism'd), *cert. denied*, 389 U.S. 847, 88 S.Ct. 53, 19 L.Ed.2d 116 (1967). In discussing a non–resident's appeal from the trial court's order overruling a plea in abatement *Nowell* stated:

Comity is not a matter of right. The doctrine does not stand boldly clad in the armor of unyielding obedience but is rather arrayed in vestments of persuasion. Being voluntary and not obligatory, the application of comity rests in the sound discretion of the tribunal of the forum.

See also 2 McDonald, Texas Civil Practice § 7.09 (Rev.1970).

We think there were valid reasons for the Texas District Court to proceed. The child was living in Texas with her aunt, and the aunt was not named as a party in the Kansas proceedings. The appellant has not discharged her appellate burden of showing an abuse of discretion by the trial court.

■ The third and final point argues that the trial court erred "in not giving full faith and credit to the final judgment of the Kansas Court." This point is also overruled. Assuming without deciding that the Kansas "Journal Entry" dated November 15, 1979, is a final judgment or decree, we hold that the trial court did not err in refusing to enforce its provisions, for while the aunt and her attorney were served with

[1]. Section 11.05 provides in part that: "... when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child. No other court of this state has jurisdiction ... except on transfer...."

Section 11.071 provides in part that: "The petitioner or the court shall request from the State Department of Public Welfare identification of the court that last had jurisdiction of the child in a suit affecting the parent-child relationship...."

a "Notice of Hearing" and a "Summons", the record shows that the aunt was never named as a party in the Kansas pleadings. The only parties to that case were Sherry Dawn's parents. Moreover, the Texas District Court had already entered its order appointing the aunt as temporary managing conservator of the child on April 20, 1979. But for the mother's request for continuance, the jury trial in Texas would have been held prior to the entry of the Kansas custody order.

The record in this case is abundantly clear that the aunt was never "joined as a party" in the Kansas lawsuit; merely notifying her of those proceedings and serving her with a summons is not enough.[2] Consequently, the Kansas journal entry is not binding on the aunt, and the trial court did not err in refusing to enforce its provisions against her. The Kansas proceedings do not meet the requirements of Tex.Fam. Code Ann. § 11.053 (Vernon Supp.1980) because the Kansas petition did not name the temporary managing conservator as a party, and this is a requirement under Tex. Fam. Code Ann. § 11.08 (Vernon Supp. 1980). The aunt did not waive this defect by failing to appear in the Kansas proceedings.

The Texas District Court's decree is affirmed.

---

**2.** The Texas District Court took judicial notice of Article 38 1310 of the Uniform Child Custody Act of the State of Kansas which provides:

If the court learns ... that a person not a party to the custody proceeding has physical custody of the child ..., it shall order that person to be joined as a party and to be duly notified of the pendency of the proceeding and of such person's joinder as a party. If the person joined as a party is outside this state the person shall be served with process or otherwise notified. ...