Thomas L. LOGAN, Appellant,

v.

Hon. Bob ARMSTRONG, Commissioner, Appellee.

No. 13–84–296–CV.

Court of Appeals of Texas, Corpus Christi.

March 21, 1985.

Jack Shriver, Huntsville, for appellant.

Sharon Gillespie, Austin, for appellee.

Before KENNEDY, UTTER, and KEITH,[1] JJ.

## OPINION

KENNEDY, Justice.

Appellant filed an application for lease of public school lands under the vacancy law.[2] He instituted the present suit in district court requesting a determination that the subject land is vacant, unsurveyed public school lands available for lease. Appellee filed a plea to the jurisdiction, and the trial court granted appellee's motion for summary judgment on plea to the jurisdiction. This appeal resulted. We affirm.

Appellant first filed an application with the Commissioner of the Land Office (Commissioner) to lease public lands asserting that certain lands in Kenedy County were believed "to be unsurveyed land belonging to the public free school fund ...". Such land contained approximately 66,828 acres, adjoined the Laguna Madre and was above the line of mean high tide.

TEX.NAT.RES.CODE ANN. § 51.171 et seq. (Vernon 1978) provides the procedure for leasing vacant land as defined in the statute. Section 51.172 defines a vacancy; § 51.175 states the contents of the application; §§ 51.176 and 51.177 provide that the application should be filed with the county together with a filing fee; § 51.178 provides that the application should be filed with the Commissioner of the General Land Office of the State of Texas together with an additional filing fee; § 51.179 provides that the Commissioner must advise the applicant of the estimated cost of proceeding under the application and that, within thirty days of the estimate, the applicant must make a deposit with the Commissioner to pay the cost or lose all rights under the application; § 51.180 provides that, if the first deposit is insufficient, the Commissioner shall request that applicant make a further deposit, which must be paid within thirty days; § 51.181 provides a procedure to appeal to the district court the amount of the estimated cost as determined by the Commissioner; § 51.183 provides that the applicant is entitled to a statement of the cost and a refund of the balance if any, remaining from the deposit when the survey is complete; § 51.185 provides that the Commissioner "shall appoint a surveyor" to make a survey of the land; § 51.186 requires that the surveyor provide a written report within 120 days; § 51.188 provides that a hearing may be held within 60 days after the surveyor makes his report; § 51.189 provides that, if the Commissioner finds that the land is vacant, subject to provisions of other sections, the applicant, for 120 days, is entitled to purchase or lease the land at a price set by the School Land Board; § 51.192 provides that, if the Commissioner finds that the land is not vacant, he shall endorse this decision on the application and notify the applicant, who may appeal the act of the Commissioner within ninety days; § 51.205 provides a procedure for appeal to the district court.

In the instant case, the Commissioner determined the estimated costs and requested a deposit from appellant. Appellant refused to make the deposit and filed, in 1980, a suit (not this cause) in Travis County to appeal the determination of the estimate of the cost of proceeding under the application. At the time of trial in the instant cause, the suit in Travis County was still pending. The Commissioner refused to appoint a surveyor until the deposit was received. Hence, the application was not processed any further.

Appellant then filed the instant suit seeking a declaration that the land was vacant and available for lease. Appellee filed a plea to the jurisdiction asserting that the

---

1. Associate Justice, Court of Appeals, Thirteenth Supreme Judicial District (ret.), sitting by designation. *See,* Art. 1812, as amended.

2. This act authorizes the lease and sale of certain vacant public school lands. *See* TEX.NAT. RES.CODE ANN. §§ 51.171 et seq. (Vernon 1978).

court did not have subject matter jurisdiction over the cause of action because the Commissioner had not yet ruled on the issue of vacancy. Appellee then filed a "Motion for Summary Judgment on Plea to the Jurisdiction." This motion was granted, and a judgment was entered dismissing the cause of action. This appeal resulted.

In two points of error, appellant asserts that the trial court erred in granting the summary judgment because there was a genuine issue of material fact to be resolved, and the trial court erred in granting the plea to the jurisdiction. We address the second point first.

Appellant, in his "Plaintiff's Original Petition" asserts "this suit is filed to protect the plaintiff's vested rights under Sections 51.171 of the Natural Resources Code, et seq ... in the event that the Commissioner's failure to act within the 120-day statutory time period or the 60-day extension period provided by law, is deemed to be a denial of the vacancy in question...." Appellant also asked that the merits of the case i.e. the fact of vacancy subject to being leased under the Natural Resources Code, be determined. Appellant apparently fears that under § 51.186, the survey must be filed within the time allowed (120 days plus 60-day extension) regardless of the status of the appeal of the amount of the deposit, or else the appellant will lose his preference rights under § 51.189. Appellant's fear is reasonable in light of *Cox v. Robinson*, 103 Tex. 354, 127 S.W. 806 (1910), which held, when interpreting the 1905 version of the vacancy law, that, in the absence of a timely filed and correct survey, the applicant lost his preference rights to a later applicant. *Cox*, 127 S.W. at 807–8. A person who is aggrieved by any action[3] of the Commissioner may appeal under § 51.205. If the Commissioner's failure to appoint a surveyor is deemed to be a denial of the vacancy, appellant would be entitled to appeal under § 51.205;

however, in light of later amendments to this statute, appellant's construction of this statute is not justified.

§ 51.186 was modified from TEX.REV. CIV.STAT.ANN. art. 5421c Section 6(c) (Vernon 1962). This statute originated as Act of April 15, 1905, ch. 103, p. 159, Sec. 8, 1905 Tex.Gen.Laws. This statute was substantially revised by Act of May 29, 1931, ch. 271, p. 452, Sec. 6, 1931 Tex.Gen.Laws which was amended by Act of June 19, 1939, ch. 3, p. 465, Sec. 1, 1939 Tex.Gen. Laws.[4] The amendment added the One Hundred Dollar ($100) filing fee with the Commissioner, the requirement that the applicant make a deposit with the Commissioner for the cost of the survey and provided a procedure to appeal the amount of the deposit. The 1939 amendment provided that:

> Upon filing of any such application with the Commissioner *and upon the making of the required deposit* as provided for herein, the Commissioner shall forthwith cause a notice of intention to survey to be mailed to all persons named in the application as interested persons, ... and to the Attorney General of Texas. The notices shall be deposited in the Post Office at Austin, Texas, at least ten (10) days *prior to the date fixed for the beginning of such survey.*
>
> The Commissioner shall appoint a surveyor to make a survey in accordance with the notice. (emphasis added).

Although this passage makes it clear that the survey is not to begin until the deposit is paid, the amendment continues in absolute terms taken from the original statute:

> A written report of the survey ... shall be filed in the General Land Office within one hundred and twenty (120) days from the filing of the application, unless the time be extended by the Commissioner for good cause shown, ... but

---

**3.** TEX.NAT.RES.CODE ANN. § 51.181 provides a procedure to appeal the amount of the deposit, and that is the exclusive remedy under the statute to appeal the cost.

**4.** Other amendments not relevant to this case were passed in 1931, 1933, 1941, 1943, 1953, 1957, 1963 and 1971.

such extension shall not exceed sixty (60) days.

The emergency clause of the 1939 amendment states that it is intended to correct abuses under prior laws:

The fact that numerous persons commonly known as "Vacancy Hunters" are encouraged by existing Statutes to seek to destroy or discredit old recognized lines and landmarks and to shift surveys into other positions in order to create alleged vacancies from which they can profit, ... create (sic) an emergency....

A court, in construing a statute, must look to the intent of the legislature and give effect to that intent. *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382 (Tex.1982). In statutory construction, we look to the entire act to determine the legislature's intent. *Citizens Bank of Bryan v. First State Bank*, 580 S.W.2d 344 (Tex.1979). If the emergency clause in the act sheds light on the question of legislative intent, it is proper to consider this clause. *Grayburg Oil Co. v. Giles*, 143 Tex. 497, 186 S.W.2d 680 (1945). But, in any case, this court presumes that a just and reasonable result was intended by the legislature. *Salas v. State*, 592 S.W.2d 653 (Tex.Civ.App.—Austin 1979, no writ).

We would find it unreasonable that the legislature would require the deposit before the appointment of the surveyor, provide an appeal of the amount of the deposit and still expect the survey to be submitted within 120 days of the filing of the application. We, therefore, find that the reasonable construction of the Act of 1939 is that the time limit for submitting the survey is held in abeyance during the interlocutory appeal of the amount of the deposit. No substantive change was intended when the National Resources Code was codified. TEX.NAT.RES.CODE ANN. § 1.001 et seq. We would, therefore, also apply this interpretation to TEX.NAT.RES. CODE ANN. §§ 51.175 thru 51.188, which contain the same language as above quoted. We, therefore, find that the failure to appoint a surveyor is not "deemed to be a denial of the vacancy in question" and is not such an action as to permit an appeal under § 51.205.

Judicial review of administrative decisions is also permitted by TEX.REV. CIV.STAT.ANN. art. 6252–13a § 19, et seq. (Vernon Supp.1985). This section provides that only final decisions of the administrative agency are reviewable. A "final administrative order" for purposes of judicial review is one that leaves nothing open for future disposition. *Railroad Commission v. Air Products and Chemicals, Inc.*, 594 S.W.2d 219 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.). In this case, we find no final order subject to appeal. We, therefore, find that the trial court does not have jurisdiction by virtue of a statutory right of appeal from a decision of the Commissioner.

TEX.NAT.RES.CODE ANN § 51.171 et seq. (Vernon 1978) confers upon the Commissioner the lawful authority to appoint a surveyor, to hold a hearing, determine that the land is vacant, and to endorse the finding that the land is not vacant on the application. *See Short v. W.T. Carter & Bro.*, 133 Tex. 202, 126 S.W.2d 953 (1938). "Since lawful authority to make such primary determinations is conferred upon [the Commissioner], the courts cannot, when the question is still properly before him, take jurisdiction and proceed to decide the question." *Short* 126 S.W.2d at 962. The net result of this lawsuit is to preempt the Commissioner's determination of the fact of vacancy subject to being leased under the Natural Resources Code. Any order by the trial court would be a deciding of the very question now before the Land Commissioner and which he is authorized by statute to decide. We, therefore, hold that that the trial court did not have jurisdiction to hear the suit, and the suit was properly dismissed.

Appellant's second point of error is overruled.

Appellant's first point of error asserts that the granting of the Motion for Summary Judgment was improper because there was a genuine issue of material fact to be resolved.

The pleading, on which the dismissal was based, was entitled "Original Motion for Summary Judgment on Plea to the Juris-

diction." This title is a misnomer under Tex.R.Civ.P. 71 which provides:

Rule 71.  Misnomer of Pleading

When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated.

A summary judgment is an adjudication on the merits. *See Richards v. Allen*, 402 S.W.2d 158 (Tex.1966). Appellee's motion should have been styled a "Plea to the Jurisdiction" or "Motion to Dismiss." We will treat the pleading as if it were properly designated. *Baker v. Seaver*, 567 S.W.2d 854 (Tex.Civ.App.—Eastland 1978, no writ). When it becomes apparent to the trial court that it has no authority to adjudicate the issues presented, it is the duty of the court to dismiss the cause. *Parker v. Kilgore*, 561 S.W.2d 624 (Tex.Civ.App.—Beaumont 1978, no writ). Appellant's first point of error is overruled.

The judgment of the trial court is AFFIRMED.