**Ex parte Randy Lee OWEN, Relator.**

**No. 05–85–00722–CV.**

Court of Appeals of Texas, Dallas.

Nov. 12, 1985.

Gary A. Walters, Irving, for relator.

Eileen Hall, Collie, McSpedden & Roberts, Dallas, for respondent.

Before SPARLING, DEVANY and MALONEY, JJ.

SPARLING, Justice.

This is a habeas corpus proceeding under article 1824a of the Revised Civil Statutes, by which relator Randy Lee Owen seeks discharge from the custody of the sheriff of Dallas County, Texas. He was committed to jail by order of the 302nd Judicial District Court which found him in contempt for failure to make child support payments as previously ordered by that court. We released relator on bail, pending a hearing in this court. We hold that the commitment order is void because the 302nd Court had no jurisdiction to enforce its support order that had subsequently been modified by the 254th Judicial District Court of Dallas County, Texas. Habeas corpus is a proper remedy when an order of contempt and commitment is void because it was beyond the power of the court. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980).

Relator was divorced from Susan Murray Owen in 1969 in the 302nd Court in Cause No. 69–10654–DR/2. On August 2, 1984, Susan filed an action to modify the divorce decree in Cause No. 85–11175 in the 254th Court. Then, on August 6, 1984, Susan filed a motion for contempt in Cause No.

69–10654–DR/2 in the 302nd Court. On March 11, 1985, the 254th Court signed an agreed order on the motion to modify. Then, on April 29, 1985, the 302nd Court entered a commitment order holding relator in contempt for failure to pay child support and committing him to the county jail.

The question before us is whether the 302nd Court lost jurisdiction to hear the pending contempt motion to enforce a judgment in that court when the judgment was subsequently modified by the 254th Court before the commitment order was entered. Relator argues that, since the 254th Court is the court of continuing jurisdiction, the 302nd Court had no jurisdiction to enter the commitment order.

The concept of continuing jurisdiction was defined upon enactment of the Texas Family Code,[1] effective on January 1, 1974. The preamble of Title 2 of the Code provides as follows:

> (b) Any action or suit commenced after January 1, 1974, that has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and *shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction* (emphasis added).

Section 11.05(a) provides that, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction of all parties and matters, and no other court has jurisdiction of a suit affecting the parent-child relationship. Under section 11.05(e), a court does not acquire continuing, exclusive jurisdiction over matters in connection with the child before the entry of a final decree.

This divorce decree was entered prior to January 1, 1974. Once a divorce and child custody judgment entered prior to January 1, 1974, is modified by a final judgment after January 1, 1974, the court that modified becomes the court of continuing jurisdiction. *Baker v. Seaver*, 567 S.W.2d 854, 856 (Tex.Civ.App.—Eastland 1978, no writ). Citing this case, relator contends that, since the contempt motion is a matter affecting the parent-child relationship, the 302nd Court did not have jurisdiction to enter the commitment order. That is, when the 254th Court entered the modification order on March 11, 1985, and it became final after the expiration of thirty days, that court *acquired* continuing jurisdiction. Section 11.05(e). This case is distinguishable from the *Baker* case, however, in that the contempt motion was filed on August 6, 1984—before the modification order was entered and became final.[2]

Relator further cites *Ex parte Barnett*, 600 S.W.2d 252, 254–255 (Tex.1980), in which the court held that, considering the legislative intent to put all proceedings relating to the welfare of the child in one court, there is no reason why a transferee court may not enforce prior orders of the transferor court. *Barnett* involved a case that had been transferred, however, and thus present section 11.06(k) of the Family Code became applicable. In this case, we do not have a transfer situation but rather a situation in which a court is the one of continuing jurisdiction because it was the first one to enter a final order after 1974.

Susan relies on article 1911a of the Revised Civil Statutes for the general proposition that a court which enters a decree possesses the jurisdiction to enforce that decree by contempt proceedings. She also argues that section 11.05(a) (providing for continuing jurisdiction) should apply prospectively and only govern matters occurring after a court obtains continuing jurisdiction. Finally, Susan cites *Ex parte Oden*, 556 S.W.2d 573 (Tex.Civ.App.—Dallas 1977, no writ), in which this court held

---

1. All references are to TEX.FAM.CODE ANN. (Vernon Supp.1985) unless otherwise stated.

2. We note also that the commitment order only holds relator in contempt for the arrearage on amounts due under the original divorce decree.

that, when the post-1974 suit does not seek to modify a pre-1974 support order but to enforce it, the action is not an independent suit beginning continuing jurisdiction and the original divorce court continues to have *exclusive* jurisdiction. *Id.* at 574. However, in *Oden,* there was *no intervening modification* in another court as in the present case.

■ We hold that relator correctly asserts that the 302nd Court did not have jurisdiction to enter the commitment order. *Barnett* is not exact authority for relator's position, but the language therein compels the conclusion that, once a court acquires continuing jurisdiction in any manner, it should then hear all matters which are continued as if originally brought in that court. *See Barnett,* 600 S.W.2d at 255. As the supreme court stated in *Curtis v. Gibbs,* 511 S.W.2d 263, 266 (Tex.1974), in enacting the provisions for exclusive jurisdiction, the legislature recognized "the need to commit the decision of all controversies that directly affect the welfare of particular children to a *single* court" (emphasis added).

■ We hold that the 254th Court acquired jurisdiction over all matters affecting this parent-child relationship at the time that the modification order was final. To hold otherwise would create a conflict between the two courts contrary to the clear import of section 11.05(a). Because the 254th Court is the court with continuing jurisdiction, we conclude that the 302nd Court did not have jurisdiction to enter the contempt and commitment order and that the order is void.

Accordingly, we order relator discharged.